CONSOLIDATED APPAREL COMPANY and others, Appellants, v. COMMON COUNCIL OF CITY OF MILWAUKEE, Respondent.

*May 3—June 6, 1961.*

For the appellant there were briefs by *Charne & Kops* of Milwaukee, and oral argument by *Floyd J. Kops.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Ewald L. Moerke, Jr.,* and *Harvey G. Odenbrett,* assistant city attorneys, and oral argument by *Mr. Odenbrett* and *Mr. Moerke.*

CURRIE, J.   The proceedings by the city for acquiring the land for the offstreet parking lots, and for assessing benefits against the properties of the petitioners and similarly situated landowners, were purportedly instituted and conducted under the Kline Law (ch. 275, Laws of 1931, and amendments thereto).

Sec. 10 of the Kline Law authorizes a property owner to appeal to the circuit court from an assessment of benefits or damages by filing a notice of appeal with the clerk of such court within twenty days after the confirmation of such assessment by the common council. Sec. 41 of the act provides that no action at law or in equity to cancel or set aside any assessment of special damages, or to enjoin the collection of such assessment, shall be brought or maintained unless such action be commenced within one year from the first day of January following the year in which such assessment of benefits, or any instalment thereof, is placed upon the tax roll for collection.[1]

---

[1] Sec. 41 of the Kline Law reads:
"No action in law or equity shall be brought or maintained by any person to cancel, annul, or set aside or declare void any

The appeal provision of sec. 10 of the Kline Law has been construed as only embracing irregularities or illegality affecting the amount of the benefits or damages, and that any action attacking the validity of the entire proceeding must be brought under sec. 41. *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 385, 8 N. W. (2d) 372; *Perkins v. Peacock* (1953), 263 Wis. 644, 656, 58 N. W. (2d) 536. Our review of the allegations of the petition herein convinces us that the illegality in procedure therein alleged on the part of the city affects the validity of the entire proceedings under which the offstreet parking lots were sought to be established, and is not limited to only the proceedings affecting the amount of the assessment of the benefits. Therefore, the appeal procedure under sec. 10 has no application.

The common council confirmed the report of the board of assessments on June 24, 1958, which is the final action to be taken under the Kline Law for making an assessment of damages and benefits. Pursuant to such action the assessments of benefits were placed on the tax rolls of the following year and December 31, 1959, was the last permissible date for bringing action under sec. 41 to have the entire proceedings adjudicated void. It was not until such December 31, 1959, that the petitioners filed their petition for certiorari, although the first instalments of such assessments were due in January, 1959.

---

assessment of special benefits made under this act or any tax-sale certificate issued on the sale of property for the nonpayment of any such assessment or to enjoin the collection of such assessment or a sale of property for the nonpayment of the same or to prevent the city from entering upon or appropriating the land condemned and paid for as herein provided or from completing the improvement or from issuing or selling or paying any bonds as herein provided or to declare void any such bonds unless said action shall be commenced within one year from the first day of January following the year in which such assessment of benefits or any instalment thereof made for any improvement under this act is placed upon the tax roll for collection."

The first question which arises is whether the statutory words *"action in law or equity"* appearing in sec. 41 embrace a proceeding in certiorari. In *Wurth v. Affeldt* (1953), 265 Wis. 119, 60 N. W. (2d) 708, we held that a certiorari proceeding was not embraced within the words "civil actions" or "actions" appearing in ch. 330, Stats., covering limitations for commencement of various actions. It was further determined therein that this was so even though certain changes were made in sections of Title XXV, Stats., which embrace the chapters in the statutes dealing with procedure in civil actions that became effective July 1, 1945. Such changes made certain provisions of such sections applicable to certiorari proceedings. The *Wurth Case* further held that the time within which certiorari proceedings might be brought has by analogy generally been limited to that within which an appeal from a judgment may be taken, citing *State ex rel. Dalrymple v. Milwaukee County* (1883), 58 Wis. 4, 16 N. W. 21, and *McClutchey v. Milwaukee County* (1941), 239 Wis. 139, 300 N. W. 224, 300 N. W. 917.

In the later case of *State v. Donohue* (1960), 11 Wis. (2d) 517, 523, 105 N. W. (2d) 844, we held that by statute in Wisconsin, prohibition and other proceedings initiated by original writs are actions and not special proceedings, citing sec. 262.01 (now sec. 262.02, Stats.), and 30 W. S. A., p. 9, interpretative commentary under sec. 260.03. Certiorari, being a proceeding which commenced by service of an original writ, would fall in the same category. However, sec. 262.02 is part of Title XXV, Stats., and as mentioned above, the *Wurth Case* held that certiorari is not embraced within the term "civil actions" or "actions" appearing in ch. 330, Stats., imposing statutes of limitation.

Be that as it may, we are satisfied that certiorari is available to property owners situated as are the petitioners to challenge the validity of the entire proceedings, and so hold.

There is nothing contained in sec. 41 of the Kline Law that would have the effect of barring such remedy. We find it unnecessary to determine whether the limitation period of such sec. 41 is applicable to certiorari. This is because, even if applicable, there may be laches on the part of the petitioners in instituting certiorari which will entitle the court to quash the proceeding although the proceeding was instituted within the limitation period of sec. 41.

The writ of certiorari is not one of right, but is granted in the sound discretion of the court. *State ex rel. Goldsmith Bldg. Co. v. Bolan* (1951), 259 Wis. 460, 462, 49 N. W. (2d) 409; *State ex rel. Hallauer v. Gosnell* (1903), 116 Wis. 606, 619, 93 N. W. 542; 10 Am. Jur., Certiorari, p. 530, sec. 6; 14 C. J. S., Certiorari, p. 198, sec. 50. In the absence of special statutory provisions it is well settled that, before the court will grant a writ of certiorari, it must appear that: (1) There has been some error committed, (2) the error has caused substantial harm, and (3) the petitioner has been guilty of no laches in seeking his remedy. *State ex rel. Damerow v. Behrens* (1960), 11 Wis. (2d) 426, 429, 105 N. W. (2d) 866; 10 Am. Jur., Certiorari, p. 531, sec. 6. That laches may bar the remedy of certiorari, see Anno. 40 A. L. R. (2d) 1381, at pages 1385 *et seq.*

We attach no significance to the fact that in the instant case the trial court first issued the writ and then later quashed the same because of petitioners' laches. If the court concludes that it should have exercised its discretion at the time of presentation of the petition to refuse to issue the writ because of petitioners' laches, it certainly may correct its error later by quashing the writ.

The petitioners assert that laches constitutes an affirmative defense, and, therefore, should have been raised by filing a return to the writ and not by motion to quash. Such argument overlooks the fact that the return to the writ is merely

a certification of the record of the proceedings sought to be reviewed by the petition. 10 Am. Jur., Certiorari, p. 543, sec. 18. Unlike an answer to a complaint it does not consist of denials and affirmative defenses. Therefore, a motion to quash would still be the proper procedure to employ to raise the issue of laches, even if a return to the writ were made.

The petitioners further point out that mere delay in instituting a proceeding does not amount to laches, but it is also an essential element that prejudice shall have resulted from such delay to the party who has asserted such defense. *Greenfield v. West Milwaukee* (1956), 272 Wis. 215, 233, 75 N. W. (2d) 424. Because this is so, it is contended that in the instant case such element of prejudice cannot be established without resort to evidence dehors the record. The petitioners further assert that the trial court improperly considered such extraneous evidence in concluding that the petitioners had been guilty of laches.

As previously pointed out, the assessments for benefits were confirmed in June, 1958, and placed upon the tax rolls so that the first instalments thereof became payable in January, 1959. Therefore, the petitioners must have had knowledge of such assessments by January, 1959. Nevertheless, petitioners delayed until December 31, 1959, to institute their certiorari proceeding. Both the trial court and this court can take judicial notice of the fact that in all probability some property owners in the meantime had paid their assessments. This would necessarily prejudice the city if the entire proceedings were now to be declared void because of the likelihood of the city's being subjected to suit by those property owners who have previously paid their assessments. Furthermore, such property owners, who had already paid such assessments, would suffer prejudice by such action in paying their assessments which might not have occurred if petitioners had acted timely.

We deem the case of *Detroit v. Murphy* (1893), 95 Mich. 531, 55 N. W. 441, to be directly in point. There certiorari was brought to review a street-opening proceeding. The verdict for the taking was confirmed March 29, 1892, and certiorari was instituted September 12, 1892. The statutes authorized the city to proceed at once to assess benefits and damages. The Michigan court held that it must be assumed that in the meantime the common council had proceeded, under the law, to collect such assessments and pay awards. It was determined that the writ should be dismissed because of the delay in instituting the certiorari proceeding.

*By the Court.*—Order affirmed.

FAIRCHILD, J., took no part after the oral argument.