Firemen's Annuity and Benefit Fund of Milwaukee and another, Respondents, v. Krueger, Treasurer, and another, Appellants.

*April 29—June 2, 1964.*

For the appellants there was a brief by *John J. Fleming,* city attorney, and *Cornelius J. Merten,* assistant city attorney, and oral argument by *Mr. Merten.*

For the respondents there was a brief by *Habush, Gillick & Habush,* attorneys, and *Robert L. Habush* and *Howard A. Davis* of counsel, all of Milwaukee, and oral argument by *Robert L. Habush.*

WILKIE, J.    One issue is determinative of this appeal. It is : Are the appellants barred from seeking a review in this mandamus action, and in any subsequent proceeding, of any substantive issues that they could have raised relating to Mrs. Balestrieri's claim in an appeal which they could have taken in the form of certiorari or otherwise from the board to the circuit court?

The board entered its findings in December of 1961 and ordered payments to be made to the widow in accordance with its findings. Although the appellants complain about the sufficiency of the evidence in the proceeding before the board to support the board's determination that the disability was caused by a work-connected injury, the appellants did not avail themselves of the right to appeal in the form of "certiorari or otherwise" to the circuit court of Milwaukee

county. The procedure for reviewing a board determination under the Firemen's Annuity and Benefit Fund of Milwaukee Act was prescribed by charter ordinance No. 237, as follows:

"(e) Proof of disability shall be furnished to the retirement board, by at least one licensed and practicing physician, and said retirement board may require other evidence of disability. The retirement board shall be the sole and final judge in determining whether a person covered under this subsection shall be entitled to a duty disability benefit. *A person feeling himself aggrieved by the board's determination shall have the right to appeal to the circuit court for review on the law and the facts with respect to the determination of the retirement board pertaining to a duty disability benefit. Such review may be in the form of certiorari or otherwise, and the parties shall have the right to present additional testimony concerning the matters in issue, and the court may rule upon the facts and the law. . . .*" (Emphasis added.)

This ordinance was enacted pursuant to ch. 279, Laws of 1953, which provided in part:

"Section 3. Chapter 423, Laws of 1923, section 1 (69) and (70) are created to read: (Chapter 423, Laws of 1923) Section 1. (69) For the purpose of giving to cities of the first class the largest measure of self-government with respect to pension annuity and retirement systems compatible with the constitution and general law, it is hereby declared to be the legislative policy that all future amendments and alterations to this section are matters of local affair and government and shall not be construed as an enactment of statewide concern. Cities of the first class are hereby empowered to amend or alter the provisions of this section in the manner prescribed by s. 66.01 of the statutes; . . ."

Thus, charter ordinance No. 237 was enacted pursuant to a legislative directive. The city council did not unilaterally alter the jurisdiction of a state court, as appellants contend. Rather it executed a power conferred by the legislature. The

legislature did not abdicate its power to regulate court jurisdiction; rather the legislature affirmatively exercised the power by permitting localities to confer jurisdiction upon state courts in the limited area of administration of the Firemen's Benefit Fund. Charter ordinance No. 237 is not an unconstitutional encroachment by a locality on a matter of statewide concern.

By failing to seek review of the board's order through the pattern of judicial review provided by the charter ordinance, the city is precluded from obtaining review of the sufficiency of the evidence of the work-connected injury or death, in this proceeding and in any subsequent proceeding.

The appellants refused to honor the board's order and despite the provisions of ordinance No. 237 for judicial review, they took no appeal by certiorari or otherwise. One year expired and the appellants still took no action so the respondents commenced their mandamus action. In prior decisions, where certiorari is a prescribed review procedure, we have suggested that the proceedings should be started in the same period running for appeal from a judgment or order in a civil action—six months.[1] Despite this suggestion as to time we have applied the test of whether certiorari is sought within a reasonable time under the circumstances to determine whether or not the petitioner has been guilty of laches barring his petition for substantive review.[2] Applying this test here, the city has been guilty of laches. The ordinance provided a clear path for a direct court review of the basic complaints raised by appellants concerning the inter-relationship between the industrial commission and the board and concerning the sufficiency of the evidence to sus-

---

[1] *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. (2d) 31, 109 N. W. (2d) 486; *Blooming Grove v. Madison* (1958), 4 Wis. (2d) 447, 90 N. W. (2d) 573; *Wurth v. Affeldt* (1953), 265 Wis. 119, 60 N. W. (2d) 708, 40 A. L. R. (2d) 1376.

[2] Ibid.

tain the board's finding of work-connected injury and death.

By refusing to honor the board's order, and by failing to raise any of their basic complaints by a proper certiorari proceeding as prescribed, appellants forced the respondents into the commencement of their mandamus action. Mrs. Balestrieri was prejudiced by appellants' course of action.[3] She was without her source of income (Dominic) and the benefit ordered by the board.

Although we conclude that the appellants have failed to institute certiorari proceedings in a reasonable time and the city has been guilty of laches, we believe that review proceedings, where certiorari is permitted, will be more orderly and certain if such proceedings are started within six months from the judgment or order protested, the time for taking an appeal in a civil action. Henceforth, where such certiorari proceedings are permitted, they must be commenced within six months.

One procedural question remains: Because the appellants failed to initiate a certiorari proceeding, are they barred from asserting their claim of interrelationship between the findings of the industrial commission and those of the board?

When appellants claim that the determination by the industrial commission under the Workmen's Compensation Act that the particular injury of Balestrieri was not causally related to an accident occurring within the scope of employment, is *res judicata* upon the retirement board administering sec. 1 (50) (a) and sec. 1 (34) (a) and (b) of the Firemen's Annuity and Benefit Fund of Milwaukee Act with respect to a finding by the board under that act of "injury incurred in the direct performance of one or more specific acts of duty" or "death . . . while on duty," they

---

[3] *Consolidated Apparel Co. v. Common Council, supra.*

are asserting a matter of affirmative defense and are raising a question on the merits, and not of jurisdiction. This claim may not properly be raised and adjudicated collaterally in this mandamus proceeding.

Not having availed themselves of the exclusive review procedure prescribed by ordinance, and not having raised this question in such review proceedings, the appellants have waived their right to raise the merits of this claim in either this proceeding or in any subsequent proceeding.

*By the Court.*—Judgment affirmed.