STATE EX REL. CZAPIEWSKI, Respondent, v. MILWAUKEE CITY SERVICE COMMISSION, Appellant.

*No. 71. Argued March 28, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 742.)

For the appellant there were briefs by *John J. Fleming,* city attorney, and *Peter M. Stupar,* assistant city attorney, and oral argument by *Mr. Stupar.*

For the respondent there was a brief by *Goldberg, Previant & Uelmen* and *John S. Williamson, Jr.,* all of Milwaukee, and oral argument by *Mr. Williamson.*

HALLOWS, C. J. The petition alleges that on June 5, 1970, Czapiewski was discharged from his job as "Maintenance Technical II" in the department of city development of the city of Milwaukee. On June 19, 1970, the commission, after an appeal hearing, sustained the charges on the ground Czapiewski violated sec. 5 of Rule XIII [1] of the commission's rules and regulations relating to physical defect, incompetency and inefficiency. On June 23, 1970, Czapiewski was informed by letter that the commission sustained the charges but set aside the discharge and placed him on suspension until he obtained a medical clearance.[2] The petition also alleges

---

[1] "Rule XIII, section 5. . . .

"(h) Has contracted some infectious disease or has some physical ailment or defect which, in the opinion of the Commission, unfits him for city service; or

"(k) Is incompetent or inefficient in the performance of the duties of his position."

[2] Exhibit A is an affidavit in opposition to a motion to quash, to which is attached the following letter:

"Dear Mr. Czapiewski:

"This is to advise you that the Board of City Service Commissioners at its meeting held Friday, June 19, 1970, took the following action with respect to your appeal from discharge as a Maintenance Technician II, Department of City Development:

"(a) The Commission took action to sustain the charges made by the department.

"(b) It further took action to set aside the discharge and place you on suspension until such time as you can get a medical clear-

the action of the commission in discharging Czapiewski was error and in excess of its jurisdiction, depriving Czapiewski of due process of law. It is further claimed the decision was not supported by any reasonable view of the evidence since no competent medical evidence was introduced to establish his physical incapacity to perform his job and the discharge was arbitrary, oppressive, unreasonable, and contrary to law. Lastly, the petition alleged Czapiewski was not guilty of laches.

It is to be noted the petition alleges Czapiewski was discharged and made no reference to the fact the commission suspended Czapiewski. We think there is a difference between a discharge and a suspension although both can be final for appeal purposes. The petition was filed, a writ issued on February 11, 1971, and a return ordered; but before the return was made, the city moved to quash the writ on the ground Czapiewski was guilty of laches because he had not sought the writ to review the action of June 19, 1970, until February 11, 1971, which was more than six months after the order of suspension had been made.

In *Firemen's Annuity and Benefit Fund v. Krueger* (1964), 24 Wis. 2d 200, 128 N. W. 2d 670, we reasoned that certainty required a definite rule of six months when no statutory time was prescribed within which a petition for a writ of certiorari could be made to review a final order of an agency and stated, page 206, "Henceforth, where such certiorari proceedings are permitted, they must be commenced within six months." In *State ex rel. Casper v. Board of Trustees* (1966), 30 Wis. 2d 170, 140 N. W. 2d 301, we reviewed the doctrine of laches in its

ance to fully perform your duties in this position or another position having less physical demanding requirements.

"Should you wish additional information on this, please do not hesitate to contact us (it is suggested that you call Mr. Warren F. Braaz, Supervisor of Administration, Extension 386)."

relation to the timeliness of a writ of certiorari for the purpose of statutory review and said the six months' rule by analogy to the time for appeals was akin to the holding of courts of equity that the period of a statute of limitations was to be considered in applying the doctrine of laches to an equitable right "without inquiring into any change of circumstances." We think the six months' rule fashioned for statutory certiorari is applicable to a petition for the common-law writ of certiorari which is involved here and is consistent with the settled proposition that one seeking a common-law writ of certiorari may lose his right to such review if he is guilty of laches. *State ex rel. Damerow v. Behrens* (1960), 11 Wis. 2d 426, 105 N. W. 2d 866; *State ex rel. Hippler v. Baraboo* (1970), 47 Wis. 2d 603, 178 N. W. 2d 1; *Consolidated Apparel Co. v. Common Council* (1961), 14 Wis. 2d 31, 109 N. W. 2d 486.

But it is argued the determination of June 19, 1970, was not a final order and therefore the time did not commence to run. Certiorari, of course, lies only to review a final determination. *State ex rel. McKenzie v. Brown* (1921), 174 Wis. 498, 182 N. W. 602; *State ex rel. Meissner v. O'Brien* (1932), 208 Wis. 502, 243 N. W. 314; *State ex rel. St. Mary's Hospital v. Industrial Comm.* (1947), 250 Wis. 516, 27 N. W. 2d 478. In determining whether a party is guilty of laches or is within the prescribed time limit, the time may be calculated only from the point his right to relief accrues. *McDonald v. McDonald* (1972), 53 Wis. 2d 371, 192 N. W. 2d 903; 27 Am. Jur. 2d, *Equity*, p. 701, sec. 162. The trial court in denying the motion to quash based its determination on the proposition that the letter of June 23, 1970, did not represent a final order of the commission. We disagree.

The action suspending Czapiewski, whether considered to be June 19th or the 23d, was final although the suspension might have been terminated by a condition

subsequent, namely, if the results of a medical examination were such as to then qualify him for his old job or another one. In his affidavit opposing the motion to quash, Czapiewski treats the letter of June 23d as being a discharge which became final only after he realized he was not going to be returned to his position as maintenance technician. He took a physical examination on August 26, 1970, but the record does not show whether he passed it. He states he did pass an eye examination on or about September 25, 1970. He was hired for temporary or seasonal work for about one month in the city treasurer's office from December 14, 1970, to January 16, 1971. We think the condition subsequent upon which the suspension might be lifted or terminated did not prevent the order from being final in nature. If this view were not true, no review of an order of suspension or transfer or demotion would be possible and only an order of discharge from employment by the city would be final.

We do not think Czapiewski was misled by the letter of June 23d. His petition attacks the order of June 19, 1970, justifying his discharge on June 5, 1970, as constituting an error of law and in excess of the commission's jurisdiction. Nothing happened after this order which changes the grounds urged for setting it aside. He is not claiming the commission has wrongfully refused to lift the suspension because he is now physically fit but rather that the commission should not have suspended him. This issue has existed since June 19, 1970, and the six months' period had expired prior to the filing of his petition for the writ.

We have considered Czapiewski's affidavit in opposition to the motion to quash. While a motion to quash a writ of certiorari is analogous to a demurrer, it is not a demurrer. The motion raised the question of laches which may be a fact question depending upon circumstances. When a motion to quash a writ of certiorari is

made prior to the return of the writ, it should not foreclose the consideration of facts directly relating to the merits of the motion.

*By the Court.*—Order reversed.