State ex rel. Enk, and others, Appellants, v. Mentkow-ski, and others, Respondents. [Case No. 75–238.]
Enk, and others, Appellants, v. Mentkowski, and others, Respondents. [Case No. 75–239.]

*Nos. 75–238, 75–239. Argued March 1, 1977.—*
*Decided March 29, 1977.*
(Also reported in 252 N. W. 2d 28.)

566

For the appellants there was a brief by *Gimbel, Gimbel & Reilly,* and oral argument by *Richard E. Reilly,* all of Milwaukee.

For the respondents the cause was argued by *Theophilus C. Crockett,* assistant city attorney, with whom on the brief was *James B. Brennan,* city attorney.

HANLEY, J. This appeal presents three issues:

1. Upon appeal from a decision of the Board of Fire and Police Commissioners under sec. 62.13 (5) (i), Stats., is the circuit court authorized to consider a claim that the Board applied an incorrect theory of law?

2. Should the trial judge have treated the appellants' appeal under sec. 62.13 (5) (i) as certiorari proceedings?

3. Did the trial court err by quashing the appellants' writ of certiorari upon the ground of laches?

*Scope of Appeal Under Sec. 62.13(5)(i), Stats.*

Two days after the Board of Fire and Police Commissioners rendered its decision affirming the appellants' dismissals, the appellants filed a "Notice of Appeal" with the secretary of the Board pursuant to the review procedures of sec. 62.13 (5) (i), Stats. This notice stated:

"PLEASE TAKE NOTICE, that pursuant to Section 62.13 (5) (i), Wisconsin Statutes, DAVID ENK and DAVID HAUG, by Gimbel, Gimbel and Reilly, their attorneys, hereby appeal to the Circuit Court of Milwaukee County, the decision entered by the Board of Fire and Police Commissioners, City of Milwaukee, on July 29, 1974, in the matter of the appeals of DAVID ENK and DAVID HAUG."

Pursuant to sec. 62.13 (5) (i), the record of the proceedings before the Board was certified by the Board to the clerk of circuit court, and oral arguments were heard by the circuit judge. It was argued by the appellants that the Board had applied other than the proper burden of proof to the evidence, and had therefore proceeded upon an incorrect theory of law. Counsel for the Board argued that under review procedures of sec. 62.13 (5) (i), the court had no authority to consider whether an incorrect theory of law had been applied. The trial judge requested written briefs be submitted on that question and, after such briefs had been filed, concluded that an issue of whether the Board made a correct application of the law was outside the scope of review procedure under

sec. 62.13(5)(i). We think the trial judge ruled correctly.

The available avenues for review of a decision of a board of fire and police commissioners have been particularized in *State ex rel. Kaczkowski v. Fire & Police Commissioners*, 33 Wis.2d 488, 148 N.W.2d 44, 149 N.W.2d 547, *cert. denied*, 389 U.S. 848 (1967) and *Durkin v. Board of Police & Fire Commissioners*, 48 Wis.2d 112, 180 N.W.2d 1 (1970). Although *State ex rel. Kaczkowski* involved an appeal, pursuant to ch. 586, Laws of 1911, the statements therein are equally applicable to an appeal under sec. 62.13(5)(i) because these laws are identical in substance.

In *State ex rel. Kaczkowski, supra,* the court made clear that two exclusive avenues of review of the determinations of a fire and police commission exist. These determinations may be reviewed by the appeal procedures provided by the legislature or by means of a writ of certiorari. The court noted that appeal procedure under sec. 62.13(5)(i) is exclusive and conclusive, because the last sentence of that subsection states: "If the order of the board is sustained it shall be final and conclusive." 33 Wis.2d at 496, 148 N.W.2d at 47–48; *Clancy v. Fire & Police Commissioners*, 150 Wis. 630, 634, 138 N.W. 109, 110 (1912). The court in *State ex rel. Kaczkowski* further noted that:

"Where the legislature provides for a final and conclusive judicial review of the action of a board, commission or other nonjudicial body, the courts have jurisdiction to review by certiorari only those strictly legal questions which were not or could not have been raised by way of the judicial review proceeding provided by the legislature." 33 Wis.2d at 500, 148 N.W.2d at 50.

Sec. 62.13(5)(i) states that upon appeal to the circuit court under that section: "The question to be determined

by the court shall be: Upon the evidence was the order of the board reasonable?" Due to this limitation, therefore, the circuit court is not authorized to decide on such an appeal, whether the Board acted in excess of its jurisdiction or whether it proceeded on a correct theory of law. *Durkin v. Board of Police & Fire Commissioners, supra* at 117, 180 N.W.2d at 3; *State ex rel. Kaczkowski, supra* at 501, 148 N.W.2d at 51. The legislature did not provide judicial review as to these two questions, and consequently in respect thereto, judicial review is available only by means of a writ of certiorari. *Durkin, supra; State ex rel. Kaczkowski, supra.*

The appellants' notice of appeal from the Board's decision filed with the secretary of the Board states explicitly the appeal was made pursuant to sec. 62.13 (5) (i). Counsel for the appellants raised only the claim that the Board proceeded under an incorrect theory of law, a claim which the circuit court is not authorized to consider under the statutory avenue of appeal. Therefore, unless the circuit court should have treated the appeal as a certiorari proceeding, a question which is considered below, the circuit judge properly dismissed the appeal in case No. 75-239.

### Appeal Treated as Certiorari

Appellants contend that the circuit judge could have changed the nature of the action in case No. 75-239 from an appeal under sec. 62.13 (5) (i) to a certiorari proceeding by merely changing the caption upon the pleading.

In *Durkin, supra,* this court considered the question of whether the circuit court on motion and after its decision had been rendered, could change the nature of an action from an appeal of a decision of the Board of Police and Fire Commissioners to include a petition for writ of certiorari. Durkin had been suspended from the

fire department and appealed the Board's affirmance of the suspension to the circuit court pursuant to sec. 65.13(5)(i). The circuit court reversed the decision of the Board and ordered Durkin reinstated. The Board moved for a rehearing contending the circuit court had improperly, upon appeal under sec. 62.13(5)(i), decided the question of whether the Board had proceeded upon an incorrect theory of law. Durkin then moved the circuit court to amend the caption of the pleadings he had filed *nunc pro tunc* to read "Appeal of Decision of Board of Police and Fire Commissioners of the City of Madison *and Petition for Writ of Certiorari.*" (amended portion emphasized). The circuit court denied the Board's motion for rehearing and granted Durkin's motion to amend. This court affirmed that ruling, taking note that the defect in caption was merely a formal defect because Durkin's original pleading was legally sufficient to constitute both a petition for a writ of certiorari and a petition for review. This formal defect had been waived by the Board when it answered Durkin's petition on the merits. This court further relied upon sec. 269.44, Stats. (1973), which vested the circuit court with discretion to amend "any process, pleading or proceeding," "in furtherance of justice and upon such terms as may be just."

While *Durkin* is authority for the proposition that the nature of the action may be changed from an appeal to a certiorari proceeding, that case does not support the appellants' position here, for the circumstances in this case are significantly different. It is first to be noted that in this case the appellants filed no pleading other than the Notice of Appeal quoted above. Such a notice is completely adequate to commence review procedure under sec. 62.13(5)(i), but contains none of the allegations necessary to be legally sufficient to constitute a petition for a writ of certiorari. In *Durkin* the original

pleading was so legally sufficient. Thus, the defect in this case is greater than one merely in caption. Furthermore, in this case the Board could not have waived its objection, for at oral argument before the circuit court, the first moment at which it became apprised of the fact the appellants' claim was that an incorrect theory of law had been applied, the Board argued that such a claim was not encompassed by review under sec. 62.13 (5) (i). At that point the Board asserted that the circuit court had no authority under this procedure to consider the merits of appellants' claim.

Also, here the record does not reveal any request by the appellants that the circuit court amend their "pleadings." In fact, in their memorandum brief presented to the circuit court after oral argument, the appellants persisted in the contention that under the procedure of sec. 62.13 (5) (i), the court could consider their claim that the Board had proceeded upon an incorrect theory of law. In addition, after the writ of certiorari was later quashed, appellants' motion in this case, the denial of which has not been challenged in appellants' brief, formally requested merely that the circuit court "vacate and set aside the judgment" and "reconsider the appeal."

Therefore, the sole remaining basis for the claim the circuit judge erred by not amending the appellants' pleading can only be that justice required such amendment, and that a failure to do so *sua sponte* was an abuse of discretion by the circuit judge under sec. 269.44.

In determining whether the interest of justice is sufficient to require a finding of an abuse of discretion, there are several considerations. The overriding consideration is that the proceedings in case No. 75–239, upon the appellants' attempted appeal, lasted until March 11, 1975, approximately seven months and ten days after the final decision of the Board. This court has imposed a rule by

which a party who fails to commence a certiorari proceeding within six months of the decision of which review is sought loses the right to commence certiorari proceedings. *Fireman's Annuity & Benefit Fund v. Krueger*, 24 Wis.2d 200, 206, 128 N.W.2d 670 (1964).

What should have occurred in this case was a recognition by appellants' counsel of the case law holding that the question of whether the Board proceeded upon an incorrect theory of law cannot be considered by the circuit court under the appeal procedure of sec. 62.13(5)(i). Counsel should then have properly commenced a certiorari proceeding or sought to change this action to one of certiorari. To hold that the circuit judge should have amended *sua sponte* the pleading and action is to impose a certain responsibility upon him to act as counsel for the appellants.

We think that it would be unwise to find an abuse of discretion on the part of the circuit judge because such a finding would impose upon the judge the unusual burden of correcting the procedural mistakes of parties in the cases before them. Such a requirement could create problems in maintaining impartiality under our adversary system. On this basis, we conclude the circuit judge did not abuse his discretion by failing to *sua sponte* amend the pleadings and proceedings.

## Timeliness of Certiorari

The appellants contend the circuit judge in case No. 75–238 erred in quashing their writ of certiorari upon the ground of laches. This court has applied a definite rule that certiorari proceedings must be commenced within six months of the action sought to be reviewed and parties who fail to so commence the proceedings are

guilty of laches. *State ex rel. Czapiewski v. Milwaukee Civil Service Commission,* 54 Wis. 2d 535, 539, 196 N.W.2d 742, 743 (1972). *State ex rel. Casper v. Board of Trustees,* 30 Wis.2d 170, 174–75, 140 N.W.2d 301, 303 (1966). Applying the above rule to the instant case, we conclude the appellants' petition was not timely made. They petitioned for a writ of certiorari on March 20, 1975, about seven and two-thirds months after the Board's decision on July 29, 1974.

In response to the six months' rule, the appellants argue that they did promptly seek review in case No. 75–239. However, the appellants chose the wrong procedure. The appellants were not prevented from making a timely petition for the writ by the appeal proceedings in case No. 75–239. The respondent Board cannot be held to have caused the delay by raising a valid defense in the appeal proceeding. In fact, the respondents' defense should have alerted appellants to file amended pleadings. Further, although the proceeding in case No. 75–239 took almost eight months, the circuit court rendered a decision within almost two months of the final submission of the briefs by the parties. Since the appellants could have petitioned for the writ at any time, the respondents or the circuit court cannot be held responsible for the delay.

Finally, appellants rely upon *State ex rel. Casper, supra,* where this court found the respondent had waited too long to raise the defense of laches, raising it only after other motions had been made and denied. The court would not permit defenses to be raised seriatim. 30 Wis.2d at 175, 140 N.W.2d at 303–04. In this case, however, the respondent has not attempted to raise defenses seriatim, but raised the defense of timeliness on April 9, 1975 only twenty days after the appellants petitioned for the writ.

We conclude the six months rule applies here, and the circuit court in case No. 75–238 properly quashed the writ of certiorari.

*By the Court.*—Case No. 75–238, order affirmed; Case No. 75–239, order affirmed.

ABRAHAMSON, J. *(dissenting)*. This case might be used to illustrate the principle that two rights may work a wrong. The majority opinion persuasively explains why the decision of each trial court should be upheld. However, the combination of these trial court decisions results, in my opinion, in the appellants unnecessarily being denied their day in court. I would hold that the defect in the appellants' pleadings was not jurisdictional and that the circuit judge had authority to hear a review of the Board of Police and Fire Commissioners. Also the facts in this case would justify the court in saying that the court-imposed six-months' rule is not applicable here.