COURT OF APPEALS
DECISION
DATED AND FILED

April 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1528**

STATE OF WISCONSIN

Cir. Ct. No. **2019CV192**

IN COURT OF APPEALS
DISTRICT III

---

VOTERS WITH FACTS, J. PETER BARTL, DAWN BERGSTROM, CYNTHIA M. BURTON, MARYJO COHEN, JO ANN HOEPPNER CRUZ, LEAH KUBETZ, RACHEL MANTIK, JANEWAY RILEY, CHRISTINE WEBSTER, DOROTHY A. WESTERMANN AND JANICE M. WNUKOWSKI,

   PLAINTIFFS-APPELLANTS,

 V.

CITY OF EAU CLAIRE AND CITY OF EAU CLAIRE JOINT REVIEW BOARD,

   DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Eau Claire County: MICHAEL A. SCHUMACHER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

¶1   HRUZ, J. Voters with Facts, as well as numerous individual plaintiffs (collectively, "Voters with Facts"), appeals an order dismissing its

certiorari action seeking a judgment voiding a particular tax incremental district ("TID") enacted by the City of Eau Claire and its Joint Review Board (collectively, "the City"). The circuit court concluded that Voters with Facts' action was untimely filed under precedential case law setting forth a six-month common law rule for commencing a certiorari action.

¶2  On appeal, Voters with Facts argues that the six-month common law rule does not apply here because WIS. STAT. § 893.80 (2019-20)[1]—the notice of claim statute applicable to actions against certain government actors—sets forth the operative limitations period. But, in a wrinkle, Voters with Facts argues that the limitations period set forth in the notice of claim statute does not apply to its certiorari action either, because that period only begins running upon the government actor issuing a formal notice of disallowance. Because the City passively disallowed its claim by operation of law, Voters with Facts contends there is no specific limitations period applicable to its certiorari action.

¶3  We conclude the cases articulating the six-month common law rule for commencing a certiorari action remain good law. Those authorities have not been overruled, either expressly or by necessary implication upon WIS. STAT. § 893.80's enactment. Moreover, we need not decide whether and precisely how the six-month common law rule interacts with the notice of claim statute, because under any conceivable interaction, Voters with Facts' certiorari claim was untimely filed. Accordingly, we affirm the order dismissing Voters with Facts' complaint.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

2

## BACKGROUND

¶4      TID #12 was approved by the Eau Claire City Council on September 12, 2017, and by the Joint Review Board on September 15, 2017. Voters with Facts, an organization composed of Eau Claire taxpayers, filed a notice of claim with the City on January 12, 2018.  The City did not respond to the notice of claim, and Voters with Facts' claim was disallowed by operation of law as of May 12, 2018.  *See* WIS. STAT. § 893.80(1g).

¶5      Voters with Facts filed a summons and complaint against the City on April 17, 2019, seeking certiorari review of the City's decisions and a judgment invalidating the TID.  Voters with Facts primarily asserted that a structure in the TID had already been constructed and occupied before the TID's passage, and therefore the Board's determination that the development would not occur "but for" the TID was substantively flawed.

¶6      The City filed a motion to dismiss arguing, among other things, that Voters with Facts' action was not timely filed.  Specifically, the City argued there was a well-established common law requirement that certiorari proceedings must be commenced within six months of the action sought to be reviewed.  Because Voters with Facts' complaint was filed outside of the six-month time period following the City's approval in September 2017, the City argued its action must be dismissed.  Voters with Facts, on the other hand, argued that the notice of claim statute, WIS. STAT. § 893.80, rendered the six-month time period articulated in the case law "unworkable."

¶7      The circuit court agreed with the City that Voters with Facts' claim was filed too late.  It concluded that the six-month common law period for commencing a certiorari action applied, and that it expired prior to April 17, 2019,

3

when Voters with Facts filed the present action. Voters with Facts now appeals that conclusion and requests that we remand for a determination on the merits of their certiorari claim.

## DISCUSSION

¶8      Generally speaking, a motion to dismiss for failure to comply with the applicable limitations period is treated as a motion for summary judgment. *Donaldson v. West Bend Mut. Ins. Co.*, 2009 WI App 134, ¶7, 321 Wis. 2d 244, 773 N.W.2d 470; *see also* *Maple Grove Country Club Inc. v. Maple Grove Ests. Sanitary Dist.*, 2019 WI 43, ¶34, 386 Wis. 2d 425, 926 N.W.2d 184 (holding that the notice of claim statute provides an affirmative defense). We review motions for summary judgment independently, applying the same methodology as the circuit court. *Donaldson*, 321 Wis. 2d 244, ¶7. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

¶9      Here, the relevant facts—primarily calendar dates—are undisputed. The parties' dispute turns on whether any limitations period applies to Voters with Facts' action seeking certiorari review and, if so, how that limitations period is calculated. A resolution of the issues the parties present requires that we interpret and apply statutes and case law, all of which involve questions of law that we review de novo. *See* *Carolina Builders Corp. v. Dietzman*, 2007 WI App 201, ¶13, 304 Wis. 2d 773, 739 N.W.2d 53.

¶10      Our supreme court "has applied a definite rule that certiorari proceedings must be commenced within six months of the action sought to be reviewed and parties who fail to so commence the proceedings are guilty of laches." *State ex rel. Enk v. Mentkowski*, 76 Wis. 2d 565, 575-76, 252 N.W.2d

28 (1977).  This rule had its genesis in ***Firemen's Annuity and Benefit Fund of Milwaukee v. Krueger***, 24 Wis. 2d 200, 202-03, 128 N.W.2d 670 (1964), wherein the widow of a firefighter sought to compel, by mandamus, the city treasurer to make payment on certain amounts the retirement board had awarded.  The city had failed to seek review of the retirement board's decision under the relevant city ordinance, but that ordinance had not set forth a time limitation for bringing a review action.  ***Id.*** at 204.

¶11    The supreme court in ***Krueger*** observed that it had, to that point, been applying a case-specific limitations period to certiorari petitions judged by what was "a reasonable time under the circumstances."  ***Id.*** at 205.  Nonetheless, it pointed out that in a series of prior cases, it had offered a "suggestion" that certiorari proceedings be commenced within six months—which was, at that time, the period within which an aggrieved party could initiate an appeal from judgments or orders in a civil action.  ***Id.*** at 205 & n.1.  The court concluded that its suggestion was best made as a bright-line rule requiring certiorari proceedings to be commenced within six months of the adverse judgment or order:

> [W]e believe that review proceedings, where certiorari is permitted, will be more orderly and certain if such proceedings are started within six months from the judgment or order protested, the time for taking an appeal in a civil action.  Henceforth, where such certiorari proceedings are permitted, they must be commenced within six months.

***Id.*** at 205.  Subsequent cases have consistently applied this rule.  *See, e.g.*, ***Mentkowski***, 76 Wis. 2d at 575; ***State ex rel. Casper v. Board of Trs. of Wis. Ret. Fund***, 30 Wis. 2d 170, 174, 140 N.W.2d 301 (1966) (noting that ***Krueger*** had "adopted six months as the ultimate period beyond which an appeal by certiorari cannot be taken when no time limit is prescribed by the law creating that right").

5

¶12 Voters with Facts argues that the six-month common law limitations period does not apply because the legislature effectively set a different period for commencing a certiorari action in WIS. STAT. § 893.80. Section 893.80 is the general statute governing claims against governmental bodies, officers, agents or employees. The statute contains notice requirements and limitations on actions against such government actors. As relevant here, § 893.80(1d)(a) requires a claimant to present the government with "written notice of the circumstances of the claim signed by the party, agent or attorney" within 120 days after the event giving rise to the claim. No action on a claim may be brought or maintained absent compliance with that notice requirement. *Id.*

¶13 Once a notice of claim is filed, under WIS. STAT. § 893.80(1g), the government actor has 120 days to serve a formal, written response disallowing the claim. No action or claim may be brought against the government actor after six months from the date of service of the notice of disallowance. *Id.* If the government actor fails to respond to the notice of claim, the claim is deemed disallowed by operation of law. *Id.*

¶14 To understand why Voters with Facts embraces WIS. STAT. § 893.80's application, we briefly assess how the different limitations periods might apply to its particular claim for certiorari review. First, under *Krueger*'s six-month common law rule, Voters with Facts' claim would be untimely. The latest City decision Voters with Facts challenges occurred on September 15, 2017, meaning Voters with Facts would have been required to file its certiorari action no later than March 16, 2018.

¶15 By contrast, Voters with Facts argues that its claim would be permitted under WIS. STAT. § 893.80. Voters with Facts reaches this conclusion

because of the manner in which the City disallowed its claim. Voters with Facts concedes that—by the statute's plain terms—if the City had served a formal, written disallowance, the six-month limitations period contained in § 893.80(1g) would have applied, commencing on the date of service. But because the City permitted the 120-day disallowance period to lapse without a response, thereby disallowing the claim by operation of law, Voters with Facts argues that *no* limitations period applies to its action. In other words, Voters with Facts relies on the absence in § 893.80 of an explicit limitations period that applies when a claim is disallowed by operation of law. All that would remain is applying equitable considerations under a laches analysis, which necessarily would be done on a case-specific basis.

¶16 Thus, Voters with Facts' argument embodies a kind of inconsistency with which it never directly deals. Voters with Facts argues that WIS. STAT. § 893.80 must apply because the statute specifies a different time limitation than the common law rule, while simultaneously arguing that no limitations period applies to its claim under that statute.[2] We disagree and conclude that we must

---

[2] The authorities Voters with Facts cites in support of its argument tend to disprove Voters with Facts' thesis that no limitations period applies. For example, in *Linstrom v. Christianson*, 161 Wis. 2d 635, 469 N.W.2d 189 (Ct. App. 1991), Polk County argued the statutory six-month limitations period under WIS. STAT. § 893.80 was triggered despite it not serving a formal notice of disallowance. *Id.* at 638-39. We held that, per the statute's plain language, that limitations period did not begin to run until a notice of disallowance had been served. *Id.* at 639-43. In rejecting the county's statutory argument, we did not hold that no limitations period whatsoever applies when a government actor disallows a claim by inaction.

*Cary v. City of Madison*, 203 Wis. 2d 261, 551 N.W.2d 596 (Ct. App. 1996), went one step further than *Linstrom*. There, the city improperly served a notice disallowing the plaintiff's claim, but it nonetheless argued the plaintiff's suit was untimely. *Cary*, 203 Wis. 2d at 263. Contrary to what Voters with Facts now argues, we did not hold that the improper service produced a situation where no limitations period applied. Rather, we held that the statute of limitations applicable to general personal injury claims applied. *Id.* at 264.

7

apply the six-month rule of *Krueger* and its progeny. Moreover, we further conclude that we need not decide whether or precisely how the six-month common law period for commencing a certiorari action interacts with § 893.80, because under any of the potentially applicable interactions, Voters with Facts filed its complaint too late.

¶17 To begin, we regard the application of *Krueger*'s six-month certiorari rule as mandatory in this case. As the City notes, none of the decisions applying that holding have been overruled. *Krueger* and its progeny—including *Casper*, *Mentkowski*, and *State ex rel. Czapiewski v. Milwaukee City Service Commission*, 54 Wis. 2d 535, 538, 196 N.W.2d 742 (1972)—remain good law. This court is not persuaded by Voters with Facts' attempts to evade this clear and long-standing rule.

¶18 Voters with Facts asserts that the six-month certiorari rule did not survive the enactment of WIS. STAT. § 893.80. As Voters with Facts notes, the notice of claim statute was originally enacted in 1963 as WIS. STAT. § 331.43(1) (1963-64), at which time it applied only to tort actions. *See DNR v. City of Waukesha*, 184 Wis. 2d 178, 189, 515 N.W.2d 888 (1994), *abrogated on other grounds by State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 547 N.W.2d 587 (1996). The statute was amended in 1977, and thereafter its "procedures were made generally applicable to any claims against the listed governments." *Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 52, 357 N.W.2d 548 (1984). Voters with Facts argues that when the legislature expanded the notice of claim statute to apply to all claims, it implicitly usurped the six-month common law limitations period applicable to certiorari actions.

¶19     Of course, the six-month common law limitations period for certiorari actions and the notice of claim statute are directed to slightly different matters. Whereas the former operates to bar untimely claims similar to the way a statute of limitations does, the notice of claim statute's purpose is "to afford the government an opportunity to compromise and settle the claim without litigation." *Fritsch v. St. Croix Cent. Sch. Dist.*, 183 Wis. 2d 336, 343, 515 N.W.2d 328 (Ct. App. 1994). In Wisconsin, the common law prevails unless changed by statute, and abrogation of the common law requires that the "intent of the legislature must be clearly expressed, either in specific language or in a manner that leaves no reasonable doubt of the legislature's purpose." *Gibson v. Overnite Transp. Co.*, 2003 WI App 210, ¶16, 267 Wis. 2d 429, 671 N.W.2d 388.

¶20     Given the specific language of the notice of claim statute, and the differing purposes of the statute and the six-month common law limitations period applicable to certiorari actions, the legislature's intention to abrogate the common law rule is anything but clear.[3] Moreover, this court has applied the common law

---

[3] Voters with Facts highlights WIS. STAT. § 893.80(5), which essentially states that "the provisions and limitations of this section shall be exclusive" and shall apply to all claims against the relevant government actors. However, because the notice of claim statute is not a statute of limitation but, rather, imposes a condition precedent to the right to maintain an action, *see Mannino v. Davenport*, 99 Wis. 2d 602, 614, 299 N.W.2d 823 (1981), the precise scope of the exclusivity provision is unclear and is not an issue we need to decide today, for reasons we explain later in this opinion. Moreover, subsec. (5) includes an exception to exclusivity that applies "[w]hen rights or remedies are provided by any other statute." The City argues WIS. STAT. § 781.01 is such a statute and operates to preserve common law rules regarding writs, including the six-month certiorari rule.

limitations period even after WIS. STAT. § 893.80's enactment. *See Collins v. Policano*, 231 Wis. 2d 420, 437, 605 N.W.2d 260 (Ct. App. 1999).[4]

¶21 As Voters with Facts acknowledges, this court lacks the authority to overrule or modify prior supreme court or court of appeals decisions.[5] *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997). Attempting to evade this prohibition, Voters with Facts argues that the cases applying the six-month common law limitations period for certiorari actions are distinguishable on their facts and should not be "extended" to a certiorari action challenging a TID. In Voters with Facts' view, the six-month common law rule applies only when "government employees or their families" seek relief from a government actor.

¶22 Even if one can broadly categorize the relevant case law in such a way, the rule explicitly set forth in those decisions is without qualification. Six months is the "ultimate period beyond which an appeal by certiorari cannot be taken when no time limit is prescribed by the law creating that right." *Casper*, 30 Wis. 2d at 174. The rule is broadly framed as applying to all certiorari actions in the absence of a legislative determination otherwise, and there is no suggestion in any of the decisions that the rule is limited to personnel or employment

---

[4] Additionally, one current Wisconsin Supreme Court justice previously recognized the applicability of the common law six-month rule in the context of a certiorari challenge to a TID. *See State ex rel. Olson v. City of Baraboo Joint Rev. Bd.*, 2002 WI App 64, ¶32, 252 Wis. 2d 628, 643 N.W.2d 796 (Rogensack, J., dissenting) (citing *State ex rel. Casper v. Board of Trs. of Wis. Ret. Fund*, 30 Wis. 2d 170, 174-75, 140 N.W.2d 301 (1966)).

[5] Voters with Facts argues that the six-month common law limitations period for commencing certiorari actions is "mechanical, inflexible and applied without consideration of changes in the conditions or relations of the parties," and therefore its legal basis is "dubious, especially given subsequent legislative action." Regardless of whether the rule is legally "dubious," this court cannot ignore existing case law.

determinations. Notably, Voters with Facts does not point to any language in those decisions that would limit the rule to such a context.

¶23 Similarly, Voters with Facts argues that the six-month common law time period for commencing certiorari actions is rooted in the concept of laches, and the City failed to demonstrate why that equitable doctrine should apply here based on the facts of this case. Laches is an equitable defense based on a plaintiff's unreasonable delay in bringing an action under circumstances in which the delay is prejudicial to the defendant. *State ex rel. Lopez-Quintero v. Dittmann*, 2019 WI 58, ¶16, 387 Wis. 2d 50, 928 N.W.2d 480. As *Casper* recognized, although the common law limitations period had its genesis in the doctrine of laches, it is more properly viewed as "rest[ing] on the principle that when a statute does not prescribe the time within which the right to review must be exercised, such right must be exercised within a reasonable time."[6] *Casper*, 30 Wis. 2d at 174. As the circuit court here correctly held, neither the articulation of the rule in *Krueger* and related cases, nor the rule's application in those cases, suggests that an individualized determination of the equities of the case is necessary or warranted when the plaintiff fails to comply with the time limitation.

---

[6] Notably, Voters with Facts suggests that *Casper* "cited the equitable doctrine of laches as the basis for applying a six-month time bar on actions for certiorari review." In fact, *Casper* merely observed that its recognition of a six-month time period to commence a certiorari action was "*akin* to the action of courts of equity in holding that the period of the statute of limitations applicable to a legal right is to be considered laches applicable to the equitable right without inquiry into any change of circumstances." *Casper*, 30 Wis. 2d at 174-75 (emphasis added). *Casper* recognized that the six-month limitations period articulated in *Krueger* was "*obiter dictum*" because that decision "expressly rested on laches," but it adopted *Krueger*'s statement as a holding in its own right. *Casper*, 30 Wis. 2d at 175. As a result, Voters with Facts is incorrect that the six-month common law limitations period is purely a function of the doctrine of laches.

¶24 Relatedly, Voters with Facts contends that, to the extent the cases set forth "a hard-and-fast limitations period that fixed the time by which all claims for common law certiorari must be filed or lost," the judiciary lacks the authority to set such a rule. But this argument is, again, predicated upon authorities that recognize a distinction between courts of equity and law.[7] *See, e.g.*, *Saric v. Brlos*, 247 Wis. 400, 408, 19 N.W.2d 903 (1945); *Flejter v. Estate of Flejter*, 2001 WI App 26, ¶41, 240 Wis. 2d 401, 623 N.W.2d 552 (2000) (citing *Likens v. Likens*, 136 Wis. 321, 327, 117 N.W. 799 (1908)). The courts of equity sought to do justice between the parties, *Schmit v. Klumpyan*, 2003 WI App 107, ¶22, 264 Wis. 2d 414, 663 N.W.2d 331, and their jurisdiction was defined by principles, not precedents, *Harrigan v. Gilchrist*, 121 Wis. 127, 234-35, 99 N.W. 909 (1904). This distinction between law and equity has long been abolished, and courts in Wisconsin are competent to issue decisions in both matters. *Nixon v. Nixon*, 39 Wis. 2d 391, 396, 158 N.W.2d 919 (1968).

¶25 In any event, the City asserts that Voters with Facts has forfeited this argument by failing to present any assertion to the circuit court regarding the scope of judicial authority to set a six-month common law limitations period. In

---

[7] Voters with Facts filed a notice of supplemental authority with this court following our supreme court's decision in *Wisconsin Small Businesses United, Inc. v. Brennan*, 2020 WI 69, 393 Wis. 2d 308, 946 N.W.2d 101. In that case, the majority applied laches to conclude that challenges to two partial vetoes of a budget bill were filed too late. *Id.*, ¶32. In the footnote cited by Voters with Facts, the court rejected the respondents' contention that there should be a "firm cutoff at the end of the biennium for these kinds of challenges," noting that the application of laches is "always case-specific" and the narrow application of laches was more appropriate than declaring a broader rule. *Id.*, ¶17 n.9.

As we have explained, the six-month common law rule for commencing a certiorari action was elevated outside of the laches context in *Casper*. *See supra* ¶23 n.6. Moreover, the fact that the supreme court in *Brennan* declined to declare a broader rule in that case does not, ipso facto, establish that courts lack authority to make such a declaration.

response, Voters with Facts asserts it "argued to the Circuit Court that it was not clear that courts could bar an entire class of claims based on laches without considering the circumstances of each claim." At the transcript pages it cites, though, Voters with Facts argued laches did not apply because the City had actual notice of Voters with Facts' claim and was therefore not prejudiced. That argument is materially different than an assertion that the judiciary lacked the authority to set a six-month limitations period for seeking common law certiorari. To preserve an issue for review, "[a] litigant must raise an issue with sufficient prominence such that the trial court understands that it is being called upon to make a ruling." *Bishop v. City of Burlington*, 2001 WI App 154, ¶8, 246 Wis. 2d 879, 631 N.W.2d 656. We conclude Voters with Facts has forfeited any argument regarding the scope of judicial authority to enact the rule stated in *Krueger* and its progeny.

¶26 Having concluded that the six-month common law rule for commencing certiorari actions applies, we further conclude that, under the facts here, we need not decide whether or precisely how that rule interacts with WIS. STAT. § 893.80. Even assuming Voters with Facts is correct and the notice of claim statute applies to certiorari actions, under any conceivable application of the six-month rule to this case, Voters with Facts' action was untimely filed.

¶27 To explain, we can conceive of two ways in which the six-month common law rule and WIS. STAT. § 893.80 interact. The first scenario is to apply the common law rule in a straightforward fashion, using the date of the challenged action as the date on which the six-month limitations period begins to run. *See Mentkowski*, 76 Wis. 2d at 575-76. The relevant City determinations occurred here, at the latest, on September 15, 2017, meaning the six-month period for commencing a certiorari action would have expired on March 16, 2018. Voters

13

with Facts did not file its complaint until April 17, 2019, making it untimely by more than one year.[8]

¶28    Alternatively, the six-month common law rule for commencing a certiorari action could be understood to begin to run at the time the government actor makes a determination on a claim under WIS. STAT. § 893.80(1g), or when it fails to make a determination and the requisite 120-day period lapses. In this case, Voters with Facts filed its notice of claim on January 12, 2018. The 120-day period for disallowing Voters with Facts' claim expired on May 12, 2018. Assuming the six-month limitations period began running on that date, Voters with Facts would have been required to commence this action no later than November 12, 2018. In this scenario, Voters with Facts' action was untimely by more than five months.

¶29    Again, we need not decide in this case whether and precisely how WIS. STAT. § 893.80 interacts with the six-month common law rule for commencing a certiorari action. It is sufficient for us to observe that *Krueger*, *Casper*, *Czapiewski* and *Mentkowski* have not been overruled, either expressly or

---

[8] Voters with Facts suggests WIS. STAT. § 893.80(1d) cannot be reconciled with the six-month common law rule because applying both would "effectively reduc[e] the period within which a notice of claim must be filed under [§ 893.80(1d)(a)] from 120 days to less than two months." Although Voters with Facts concedes this interaction makes it "difficult" for it to comply with both the six-month rule and the notice of claim statutory provisions, there is no basis to conclude it would be "practically impossible," as Voters with Facts also argues.

For example, in this case, Voters with Facts could have filed its notice of claim immediately in September 2017, rather than waiting until January 2018. In that scenario, the 120-day time period contained in WIS. STAT. § 893.80(1g) would have lapsed—assuming the City had not issued a formal notice of disallowance prior to that time—with approximately two months remaining for Voters with Facts to commence this certiorari action. Again, while we need not decide whether this is the proper interaction of the six-month common law rule and the notice of claim statute, we reject Voters with Facts' assertions regarding the impossibility of compliance with both requirements.

by necessary operation of § 893.80. As a result, even assuming Voters with Facts is correct and § 893.80 applies to its action for certiorari review, any conceivable application of the rule stated in these cases still results in Voters with Facts' action being untimely filed. Accordingly, the circuit court properly dismissed the action.[9]

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

---

[9] Because we conclude Voters with Facts' action is untimely even if WIS. STAT. § 893.80 applies, we need not address the City's alternative bases for affirming the circuit court's dismissal, including its arguments regarding the sufficiency of the pleadings, issue preclusion, or lack of standing. *See **Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).

15