SAFE WATER ASSOCIATION, INC., Plaintiff-Appellant,†

v.

CITY OF FOND DU LAC, Defendant-Respondent.

Court of Appeals

*No. 93–2275. Submitted on briefs March 8, 1994.—Decided April 27, 1994.*

(Also reported in 516 N.W.2d 13.)

†Petition to review dismissed.

366

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Scott C. Matthew, Law Office of Scott C. Matthew* of Fond du Lac.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Kristine A. Euclide, Barbara A. Neider, Kevin S. Thompson, Stafford, Rosenbaum, Rieser & Hansen* of Madison.

An *amicus curiae* brief was submitted on behalf of the American Dental Association, American Medical Association, Wisconsin Dental Association, The State Medical Society of Wisconsin, American Academy of Pediatric Dentistry, American Association of Dental Research, The International Association of Dental Research, The American Association of Public Health Dentistry and The American Public Health Association by *Linda M. Clifford, LaFollette & Sinykin* of Madison and *Peter M. Sfikas* and *Clay H. Phillips* of counsel, *Peterson & Ross* of Chicago.

An *amicus curiae* brief was submitted on behalf of the League of Wisconsin Municipalities by *Curtis A. Witynski*, legal counsel of Madison.

Before Anderson, P.J., Brown, and Snyder, JJ.

ANDERSON, P.J.   Safe Water Association, Inc. appeals from the grant of summary judgment to the City of Fond du Lac (City). Safe Water's complaint attempted to temporarily and permanently enjoin the City from fluoridating water pursuant to an ordinance passed by the Fond du Lac City Council (council). On

369

appeal, Safe Water raises three issues: (1) the stay of discovery until after resolution of the City's summary judgment motion constituted prejudicial error, (2) the ordinance was not a valid exercise of the City's police powers, and (3) the ordinance violates the constitutional right to privacy. We hold that Safe Water waived the discovery issue by filing a competing motion for summary judgment, the City had a reasonable basis for passing the ordinance under its police powers, and the case of *Froncek v. City of Milwaukee,* 269 Wis. 276, 69 N.W.2d 242 (1955), defeats Safe Water's right to privacy claim.

In 1950, the council passed an ordinance which authorized the fluoridation of the City's water supply. From 1950 to 1970, the City used sodium fluoride as the fluoridation agent. Since that time, the City has used hydrofluosilicic acid. Both compounds are approved by the Wisconsin Department of Natural Resources (DNR) for use in the fluoridation of drinking water. *See* WIS. ADM. CODE § NR 811.46. The hydrofluosilicic acid used by the City conforms with standards established in the DNR regulations. *See id.*

The 1950 ordinance authorized the addition of fluorine to the water supply. It did not authorize the addition of hydrofluosilicic acid or sodium fluoride. Apparently in response to this oversight, the City conducted public hearings in 1992 on an amendment of the ordinance to allow the addition of "fluoride" to the water supply "in a manner prescribed by the Department of Natural Resources." *See* FOND DU LAC, WIS., MUNICIPAL CODE OF ORDINAÑCES § 7.39 (1992).

The council received information both in favor of and opposing the City's fluoridation program. The president of Safe Water, Richard Matthew, presented several articles and studies opposing fluoridation. His

view was that sodium fluoride and hydrofluosilicic acid were toxic compounds which have not been sufficiently tested. Matthew contended that fluoridation of water needlessly exposed adults and children alike to uncontrolled dosages. He argued that the general decrease in dental caries in communities with fluoridated drinking water was due to better oral hygiene, not the addition of fluoride. Finally, he proposed that if the council would decide that fluoridation should continue, a better alternative would be to distribute fluoride tablets. In that way, the citizens could decide on an individual basis whether they wanted fluoride and they could control dosages. Dr. Henry Smialek, D.D.S., also appeared before the council. He cited to his experience as a dentist and additional articles and studies in his opposition of water fluoridation.

Dr. Warren LeMay, the oral health consultant for the Wisconsin Bureau of Public Health, Division of Health, appeared before the council in favor of the program. He presented his opinion, based upon experience and familiarity with scientific research, that fluoridation of drinking water is beneficial to both children and adults. LeMay described a number of studies, reports and position papers that support fluoridation. He related that over seventy health organizations and agencies endorse the fluoridation of drinking water. He also presented the council with information regarding fluoridation's health benefits, potential risks, safety, effectiveness and cost benefits. He recounted the experience of Antigo, Wisconsin which discontinued fluoridation but reinstated it after dental caries increased significantly.

The council also heard several other health professionals who supported fluoridation, including dentists in the Fond du Lac area, the president of the Fond du

Lac County Dental Society and the director of the Fond du Lac County Public Health Nursing Service.

After the hearings, the council voted unanimously to adopt the amended ordinance for water fluoridation. Safe Water filed suit in the trial court against the City requesting a permanent injunction to prevent the City from fluoridating the water supply. The amended complaint alleged seven "causes of action": (1) the ordinance lacked a rational basis, (2) the council did not properly consider the amended ordinance before adoption, (3) fluoridation of water was not substantially related to the objective of reducing dental caries, (4) fluoridation causes serious injuries to consumers, (5) fluoride consumption already exceeds the optimum levels sought by the fluoridation program, (6) there is no substantial basis for concluding that the benefits of fluoridation outweigh its risks, and (7) fluoridation violates the right of privacy guaranteed by the United States Constitution. Both parties moved for summary judgment. The court granted the City's motion and Safe Water appeals.

The first issue which Safe Water raises is whether the trial court's order prohibiting further discovery pending consideration of the City's summary judgment motion constituted prejudicial error. While discovery was being conducted, the City moved for a protective order concerning portions of the discovery. In support of its motion, the City stated that it would be moving for summary judgment and that the requested discovery was not relevant to the dispositive issue—whether the City had a rational basis for the fluoridation ordinance. Safe Water responded by moving to compel discovery. At the hearing on the motions, the court stated:

[T]he court will grant the proviso protective order *with leave granted to [Safe Water] to seek relief therefrom to answer the [City's] motion for summary judgment.* In essence, the court is going to be freezing the pleadings as they are now, which means if the court denies the City's motion for summary judgment, the court can again address the plaintiff's motion for compelling discovery.... And I think this is the way to go, because under the court's prior decision and ruling, I feel the City has to come forward and show the reasonableness of their action with a rational legislative basis. [Emphasis added.]

Safe Water argues on appeal that had the City been forced to answer all admissions, the court "might well have granted summary judgment to [Safe Water], or at least set the suit for trial.... The City wrongly resisted discovery, and had it been forced to comply the summary judgment motions might have been viewed very differently by the court."

We conclude that Safe Water abandoned this issue when it filed a competing motion for summary judgment. Safe Water never requested the trial court to allow discovery to respond to the City's summary judgment motion, even though the trial court specifically allowed for this possibility. An appellate court will generally not review an issue raised for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145 (1980). Safe Water's motion for summary judgment carried with it the explicit assertion that Safe Water is satisfied that the facts are undisputed and that on those facts it is entitled to judgment as a matter of law. *See Powalka v. State Mut. Life Assurance Co.,* 53 Wis. 2d 513, 518, 192 N.W.2d 852, 854 (1972). Accordingly, Safe Water cannot complain that it needed additional discovery.

We now turn to the substance of the appeal: whether the trial court properly granted summary judgment to the City. On review, we are required to follow the same standard as the trial court. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment should be granted when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Section 802.08(2), STATS. The methodology for summary judgment was comprehensively set forth by the supreme court in *Green Spring Farms,* 136 Wis. 2d at 314-15, 401 N.W.2d at 820, and we follow that methodology here.

When deciding a motion for summary judgment, the court relies upon the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits of both parties to determine if there is no genuine issue as to any material facts. *See* § 802.08(2), STATS. Safe Water argues that the trial court erred by considering the affidavit of LeMay. It argues that expert opinions are not properly considered at summary judgment. We agree—the general rule is that an affidavit supporting or opposing a motion for summary judgment is usually insufficient if it sets forth only opinion. *See Dean Medical Center v. Frye,* 149 Wis. 2d 727, 732, 439 N.W.2d 633, 635 (Ct. App. 1989). However, in our de novo review of whether the City's summary judgment motion should be granted, LeMay's affidavit does relate evidentiary facts. It is a summary of the facts and documents that he provided to the council. This information was considered by the council before passing the fluoridation ordinance. Therefore, we will look to this affidavit not for LeMay's opinion on

the benefits of fluoride, but as an indication of the information available to the council when it passed the ordinance.

The first six "causes of action" of Safe Water's complaint can be boiled down to the following allegation: The City's adoption of the fluoridation ordinance was an impermissible exercise of police power which violates due process. The individual "causes of action" merely list different arguments to support this allegation.

■

When the exercise of the police power is challenged on due process grounds, the test is whether the chosen means are reasonably and rationally related to the objective of the enactment. *Kahn v. McCormack,* 99 Wis. 2d 382, 385, 299 N.W.2d 279, 281 (Ct. App. 1980). If the enactment is reasonably and rationally related to the objective and the objective is a real and proper one, the exercise of the police power is valid. *Id.* Legislative actions are presumed to be constitutional, and those challenging a statute must prove unconstitutionality beyond a reasonable doubt. *Id.* at 386, 299 N.W.2d at 281. Under these tests, the presumption is not overcome unless the challenger proves that no reasonable basis exists for the exercise of the police power. *Id.*

■

It is not disputed that the council's objective of promoting the public health and good is a real and proper one. Our focus thus turns to whether the ordinance is reasonably and rationally related to the objective. The court may not reweigh the facts found by the legislative body; the court's focus is limited to determining whether any of the information available provides a reasonable basis for the enactment. *See State v. Hermann,* 164 Wis. 2d 269, 281, 474 N.W.2d

906, 911 (Ct. App. 1991). Safe Water's arguments do not focus upon all of the information presented to the council and whether any could support the enactment of the ordinance. Instead, Safe Water concentrates only upon the materials and testimony which support its position that hydrofluosilicic acid is a danger to the community. Clearly, there were testimonials and studies presented at the hearing on both sides of the issue. Just as clearly, the council acted with the objective of furthering the health and welfare of the community. The council properly exercised its power as a legislative body to weigh the competing information and had a reasonable basis to conclude that fluoridation of the water would benefit the health of the community.

Safe Water's final cause of action alleges that fluoridation of water violates the constitutional right to privacy. This identical claim was resolved against the challengers in *Froncek v. City of Milwaukee,* 269 Wis. 276, 69 N.W.2d 242 (1955). Safe Water argues that in the time since *Froncek* was decided, the landscape of the right to privacy has been drastically changed by the United States Supreme Court's decisions of *Griswold v. Connecticut,* 381 U.S. 479 (1965), and *Roe v. Wade,* 410 U.S. 113 (1973).

Although not mentioned explicitly in the Constitution, the United States Supreme Court has recognized that "liberty," protected by the Due Process Clause, is a right of personal privacy, or a guarantee of certain areas or zones of privacy. *Carey v. Population Servs. Int'l,* 431 U.S. 678, 684 (1977). The right of personal privacy encompasses the interest in independently making certain kinds of important decisions. *Id.* However, the right of privacy is a narrow right. *Weber v. City of Cedarburg,* 129 Wis. 2d 57, 72, 384 N.W.2d 333,

341 (1986). Furthermore, like other constitutional rights, it is not absolute and is subject to some limitations. *See Roe,* 410 U.S. at 154.

In *Froncek,* 269 Wis. at 289, 69 N.W.2d at 250, the court did not expressly address whether the rights alleged were rights of privacy entitled to protection by the United States Constitution. However, it did hold that any invasion of these rights was not "unreasonable." *Id.* Safe Water fails to demonstrate how *Roe* and *Griswold* would render fluoridation of water any less reasonable today than it was in 1955, when *Froncek* was decided. *Roe* and *Griswold* related to a completely different aspect of the right to privacy—the freedom to make reproductive decisions. We fail to see how their discussions of impermissible invasions of this aspect have any bearing on the issue before us today. Thus, we conclude that *Froncek* is still good law and requires summary judgment to be granted on this final cause of action in Safe Water's complaint.

*By the Court.*—Judgment affirmed.