STATE of Wisconsin EX REL. Bartlett OLSON,
Petitioner-Appellant,

v.

CITY OF BARABOO JOINT REVIEW BOARD, City of Baraboo and Cheryl Giese, in her official capacity as Clerk of the City of Baraboo, Respondents-Respondents.

Court of Appeals

*No. 01–0201. Submitted on briefs September 12, 2001.—Decided February 28, 2002.*

2002 WI App 64

(Also reported in 643 N.W.2d 796.)

629

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John A. Kassner* of *Brennan, Steil, Basting & MacDougall, S.C.*, Madison.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Allen A. Arntsen* and *Steven A. Heinzen* of *Foley and Lardner*, Madison.

Before Dykman, Roggensack and Lundsten, JJ.

¶ 1. DYKMAN, J. Bartlett Olson appeals from a judgment dismissing his petition for certiorari review of a decision approving a tax incremental financing (TIF) district in the City of Baraboo. Olson contends that the City of Baraboo Joint Review Board violated the Open Meetings Law, WIS. STAT. §§ 19.81–19.98 (1997–98),[1] when it included incorrect information in a notice for one of its public meetings. In addition, Olson argues that the decision to approve the TIF District must be invalidated because the district includes land that would have been developed regardless of the TIF District and because the project plan for the district includes improvement costs for a bridge and portions of a highway that are located outside the boundaries of the district, both in violation of WIS. STAT. § 66.46.[2] We disagree with all of Olson's contentions and therefore affirm.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

[2] WISCONSIN STAT. § 66.46 was renumbered 66.1105 in 1999. *See* 1999 Wis. Act 150, §§ 457–472.

## Background

¶ 2. The City of Baraboo purchased forty acres of land immediately west of Highway 12 and north of County Highway W with the intent to develop a business park. To finance the project, Baraboo proposed the creation of Tax Incremental Financing District No. 6. In its "Proposed Boundary and Project Plan," the Baraboo Plan Commission wrote that the purpose of the TIF District was "to provide necessary improvements in public infrastructure in order to recruit new business to the City."

¶ 3. Baraboo held a public hearing regarding the creation of the TIF District and its boundaries on June 15, 1999. Baraboo's mayor invited the audience to make comments and ask questions about the project. After public comment, the City Plan Commission voted to approve the City's proposal. The City of Baraboo Joint Review Board also met on June 15 to discuss the proposed TIF District. On July 27, 1999, the Baraboo Common Council passed a resolution creating TIF District No. 6 and adopting the project plan of the City Plan Commission. The proposal was then sent to the Joint Review Board for final approval.

¶ 4. On August 11, 1999, Baraboo's deputy clerk posted a public notice regarding the Joint Review Board's meeting. However, due to concerns that the notice did not comply with the requirements of *State ex rel. Badke v. Village Board of the Village of Greendale*, 173 Wis. 2d 553, 494 N.W.2d 408 (1993),[3] the clerk

_____

[3] *State ex rel. Badke v. Village Board of the Village of Greendale*, 173 Wis. 2d 553, 494 N.W.2d 408 (1993) held: "When one-half or more members of a governmental body attend a meeting of another governmental body in order to gather information about a subject over which they have

posted a revised notice on August 12, 1999. The revised notice included the agenda for the meeting, including "Consideration of Resolution Approving City Council Resolutions creating TIF District No. 6 and adopting the Project Plans." In addition the notice provided, "further notice is hereby given that the above meeting may constitute a meeting of the Joint Review Board, . . . and must be noticed as such, although . . . the above Boards will not take any formal action at this meeting."

¶ 5.　The Joint Review Board held a meeting on August 26, 1999. By a vote of three to two, the board approved the Common Council's resolution. No public comment was allowed at the August 26 meeting.

¶ 6.　On September 27, 1999, Olson filed a complaint with the Sauk County District Attorney under WIS. STAT. § 19.97(1).[4] When the State did not act on the complaint after twenty days, Olson sued Baraboo, the Joint Review Board, and Geise, in her official capacity as Baraboo's city clerk, under § 19.97(4).[5] Olson alleged that the Joint Review Board violated the Open Meetings Law by providing "misleading" notice regarding the

decisionmaking responsibility, the open meeting law applies unless the gathering is social or chance." *Id.* at 576. The first notice did not state that members of other governmental bodies might attend the meeting. The notice was therefore revised to state that the Joint Review Board meeting could be a meeting of other boards as well.

[4] WISCONSIN STAT. § 19.97(1) provides in part:

　　This subchapter shall be enforced in the name and on behalf of the state by the attorney general or, upon the verified complaint of any person, by the district attorney of any county wherein a violation may occur.

[5] WISCONSIN STAT. § 19.97(4) provides in part:

　　If the district attorney refuses or otherwise fails to commence an action to enforce this subchapter within 20 days after receiving

board meeting. Olson further alleged that the board violated Wɪs. Sᴛᴀᴛ. § 66.46 in approving the plan because: (1) the TIF District included property owned by Wal-Mart Corporation that would have been developed regardless of its inclusion in the TIF District; and (2) the plan included development of highways and bridges that were outside the boundaries of the TIF District. Among other things, Olson requested the circuit court to declare that the Joint Review Board's decision to approve the TIF was void, or, alternatively, that "a writ of certiorari be allowed requiring Respondent Cheryl Giese . . . to transmit the entire record of the City of Baraboo and the City of Baraboo Joint Review Board pertaining to the creation of Tax Incremental District No. 6 to the Court for its review."

¶ 7. At a telephonic hearing in February 2000, the circuit court authorized issuance of the writ but concluded that the scope of the writ would be "limited to review of the proceedings of the City of Baraboo Joint Review Board" because Olson's complaint challenged only the actions of the board. Olson filed another complaint against Baraboo, the Joint Review Board and Giese, specifically challenging Baraboo's actions, and also requesting that the cases be consolidated. The court granted the motion for consolidation, but ordered that "the allegations of the 2000 action be treated as identical to those of the 1999 action." In a written decision, the circuit court concluded that the Joint Review Board had not violated the Open Meetings Law and that there was "no basis for overturning the decision of the board" in approving the TIF District. Olson appeals.

---

a verified complaint, the person making such complaint may bring an action under subs. (1) to (3) on his or her relation in the name, and on behalf, of the state.

## Opinion

### A. Standard of Review

¶ 8. On certiorari review of a board determination, we apply the same standard of review as the circuit court, inquiring whether the board: (1) kept within its jurisdiction; (2) proceeded on a correct theory of law; (3) acted in a way that was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) might reasonably make the order or determination in question, based on the evidence. *Fabyan v. Waukesha County Bd. of Adjustment*, 2001 WI App 162, ¶ 11, 246 Wis. 2d 814, 632 N.W.2d 116.

### B. Open Meetings Law

¶ 9. Olson first asserts that the Joint Review Board failed to comply with the requirements of the Open Meetings Law. The application of a statute to a particular set of facts is a question of law that we review de novo. *State ex rel. Schaeve v. Van Lare*, 125 Wis. 2d 40, 45, 370 N.W.2d 271 (Ct. App. 1995).

¶ 10. Under WIS. STAT. § 19.83, all meetings held by a governmental body in Wisconsin must be preceded by public notice. WISCONSIN STAT. § 19.84 sets forth the requirements for providing notice for public meetings. Relevant to this case is subsec. (2), which provides in part: "Every public notice of a meeting of a governmental body shall set forth the time, date, place and subject matter of the meeting . . . in such form as is reasonably likely to apprise members of the public and the news media thereof."

¶ 11. The notice posted on August 12, 1999, for the Joint Review Board meeting provided in part:

RESCHEDULED

**CITY OF BARABOO**
**135 4TH STREET**
**TIF DISTRICT #6**
**JOINT REVIEW BOARD**

| | |
|---|---|
| **Date:** | **Thursday, August 26, 1999** |
| **Time:** | **7:00 P.M.** |
| **Location:** | **Council Chambers, 135 4th Street, Second Floor, Municipal Building** |
| **Members Noticed:** | **L. Dahl, R. Janke, J. Long, S. McNevin, L. Chrisman** |
| **Notice to Others:** | **Mayor, City Council** |

1. Call to Order and note compliance with the Open Meeting Law.

2. Approve agenda.

3. Discussion re: Joint Review Board information received in packet

4. Consideration of Resolution Approving City Council Resolutions creating TIF District No. 6 and adopting the Project Plans

5. Other items as allowed by law.

6. Adjourn

. . . .

**PLEASE TAKE FURTHER NOTICE, that members of the Common Council of the City of**

636

**Baraboo, Sauk Co. Supervisors, Baraboo School District Board and the Vocational School Board who are not members of the above Council or Boards may attend this meeting to gather information about a subject over which they have decision making responsibility.**

, **Therefore, further notice is hereby given that the above meeting may constitute a meeting of the Joint Review Board, Common Council, Sauk Co. Board of Supervisors, Baraboo School District Board or the Vocational School Board, and must be noticed as such, although the municipality, and the above Boards will not take any formal action at this meeting.**

¶ 12. There is no dispute that the notice provided satisfied the notice requirement with respect to the time, date and place of the meeting. However, Olson contends that the Joint Review Board failed to provide adequate notice of the "subject matter of the meeting" because the notice erroneously stated that the "above Boards," including the Joint Review Board, would "not take any formal action" at the meeting, even though the Joint Review Board did in fact vote to approve the TIF District. We disagree with Olson's contention.

¶ 13. The notice provided for the Joint Review Board meeting stated clearly that the board would be considering the "Resolution Approving City Council Resolutions creating TIF District No. 6 and adopting the Project Plans." In fact, the Joint Review Board's sole purpose is to review and then approve or deny a TIF District proposal. *See* Wis. Stat. § 66.46(4m)(a) and (c). The notice left no doubt that the Joint Review Board would consider the TIF District at the meeting.

¶ 14. According to Olson, this was not enough because the notice also included the Joint Review Board

in a list of boards that would not be taking formal action at the meeting. In essence, Olson is requesting that we adopt a per se rule that WIS. STAT. § 19.84(2) is violated in each instance that a public notice contains any type of incorrect information, even when it is not misleading to the public. There is no such requirement in the statute that the notice provided be exactly correct in every detail. *Cf. State ex rel. H.D. Enterprises II, LLC. v. City of Stoughton*, 230 Wis. 2d 480, 487, 602 N.W.2d 72 (Ct. App. 1999) ("[W]e decline to burden municipalities with an obligation to detail every issue that will be discussed under every agenda item during meetings when that is not mandated by statute."). Rather, the requirement is that the notice be "reasonably likely to apprise members of the public."

¶ 15. The notice provided satisfies the test of being legally sufficient notice. We note first that WIS. STAT. § 19.84(2) does not expressly require that the notice indicate whether a meeting will be purely deliberative or if action will be taken. However, in *State ex rel. Badke v. Village Board of the Village of Greendale*, 173 Wis. 2d 553, 494 N.W.2d 408 (1993), the supreme court suggested that the Open Meetings Law is violated if the notice "does not alert the public of the importance of the meeting." *Id.* at 578. This would suggest that, in many instances, a failure to expressly state whether action will be taken at the meeting could be a violation. In this instance, however, the importance of knowing whether a vote would be taken is diminished because no input from the audience was allowed or required in the Joint Review Board meeting. A public hearing involving comments and questions from the public was previously held on June 15, 1999. We therefore question the

significance in this case of information regarding whether the Joint Review Board would take formal action.

¶ 16. Assuming, however, that notice that the board was going to vote on the TIF District was necessary to comply with Wis. Stat. § 19.84(2), we conclude that anyone interested in the TIF District was reasonably apprised that they should attend the Joint Review Board meeting. The notice made clear that the board would be considering whether to approve the TIF District. Although the Joint Review Board was included in a list of groups that, according to the last paragraph of the notice, would not take formal action at the meeting, the context of this statement would strongly suggest to a reader that the Joint Review Board was erroneously included. The final paragraph states that "the above meeting [of the Joint Review Board] *may* constitute a meeting *of the Joint Review Board.*" (Emphasis added.) Read literally this statement is nonsense because it informs the reader that a Joint Review Board meeting might not be a Joint Review Board meeting. It also suggests, therefore, that the statement regarding which boards would not take formal action at the meeting did not apply to the Joint Review Board.

¶ 17. At most, the last paragraph creates some ambiguity regarding whether the Joint Review Board would be voting on the Common Council's resolution. Regardless, the notice contains enough information to alert any interested individual who might have been confused by the notice to find out more. We therefore conclude that the Joint Review Board did not violate the Open Meetings Law.

¶ 18. Olson argues that we must engage in a balancing test under Wis. Stat. § 19.97(3)[6] to determine whether the interest in preventing the public from "being misled or deterred from attending the public hearing" is greater than the interest in sustaining the Joint Review Board's action. Section 19.97(3) is implicated, however, only if there has been an "action taken at a meeting of a governmental body" that is "in violation of [the Open Meetings Law.]" Because we have concluded that there was no such violation, we need not engage in a balancing test.

## C. Requirements of the Tax Increment Law

¶ 19. Next, Olson asserts that the TIF District must be invalidated because both Baraboo and the Joint Review Board failed to comply with the requirements of Wis. Stat. § 66.46.[7] Specifically, he claims that both Baraboo and the Joint Review Board violated § 66.46(2)(f)1 because the Project Plan included the costs of improving a bridge and portions of Highway 12 that are located outside the boundaries of the TIF

[6] Wisconsin Stat. § 19.97(3) provides:

> Any action taken at a meeting of a governmental body held in violation of this subchapter is voidable, upon action brought by the attorney general or the district attorney of the county wherein the violation occurred. However, any judgment declaring such action void shall not be entered unless the court finds, under the facts of the particular case, that the public interest in the enforcement of this subchapter outweighs any public interest which there may be in sustaining the validity of the action taken.

[7] For a concise overview of the basic purpose and procedural requirements of Wis. Stat. § 66.46, see City of Hartford v. Kirley, 172 Wis. 2d 191, 197–98, 493 N.W.2d 45 (1992).

District. In addition, Olson contends that the Joint Review Board violated Wis. Stat. § 66.46(4m)(c)1 because the TIF District included property that would have been developed even without the creation of the district.

## 1. Allegations against the City of Baraboo

¶ 20. At the February 15 telephonic hearing, the circuit court considered the scope of the writ in response to Olson's request that the "entire record of the City of Baraboo and the City of Baraboo Joint Review Board pertaining to the creation of Tax Incremental District No. 6" be submitted to the court for its review. In authorizing the issuance of the writ, the circuit court limited its review to the Joint Review Board, and therefore requested only the record of the Joint Review Board, because it concluded that Olson's complaint challenged only the actions of the Joint Review Board.

¶ 21. Olson challenges this decision, arguing that the third count of his complaint "sought certiorari review of the actions of the City of Baraboo and requested a judgment declaring the actions of the City of Baraboo to have been in violation of Wis. Stat. § 66.46(2)(f)1." Regardless whether the circuit court improperly limited the scope of its review to the actions of the Joint Review Board, Olson waived this argument by failing to adequately present it to the circuit court.

¶ 22. After the circuit court decided to limit review to the actions of the Joint Review Board at the hearing, Olson's attorney, John Kassner, stated that his "understanding . . . [was] that the third count of the petition for writ of certiorari does address actions by the City of Baraboo." In response, the court agreed that

641

the third count "references a number of things that the City of Baraboo did," but stated that the complaint only asked for relief against the Joint Review Board. Kassner replied, "I see what you're saying, Judge." There was no further discussion on this issue and Olson never subsequently challenged the court's ruling.

¶ 23. To preserve an issue for appeal, the circuit court must be apprised of a party's objection and the basis for it. *See Coston v. Joseph P.*, 222 Wis. 2d 1, 19–20, 586 N.W.2d 52 (Ct. App. 1998). The purpose of requiring objections to be made before the circuit court is to give the court an opportunity to correct its error. *Bavarian Soccer Club, Inc., v. Pierson*, 36 Wis. 2d 8, 15, 153 N.W.2d 1 (1967). Olson's attorney, however, never made a clear objection to the circuit court's conclusion, but only said that it was his "understanding" that Olson's complaint sought relief against Baraboo. He did not attempt to direct the court to specific portions of the complaint that supported his "understanding," or otherwise explain the basis for it beyond asserting that the third count "address[ed] actions by the City of Baraboo." When the court stated its own understanding to the contrary, counsel's only response was "I see what you're saying, Judge," and the issue was resolved. Therefore, Kassner failed to give the court an opportunity to correct the alleged error and failed to adequately apprise the court of his objection. Furthermore, Olson never subsequently challenged the court's conclusion. Rather, Olson abandoned the issue when he filed a second complaint that more explicitly sought relief against the City in order to remedy the first complaint's perceived deficiency. *See Safe Water Ass'n v. City of Fond du Lac*, 184 Wis. 2d 365, 373, 516 N.W.2d 13 (Ct.

App. 1994) (holding that plaintiff waived argument that circuit court improperly denied motion to compel discovery when plaintiff subsequently moved for summary judgment).[8]

## 2. Highway 12 and Bridge Improvements

■

¶ 24. Olson argues that both Baraboo and the Joint Review Board acted improperly in approving a project plan that included a bridge and portions of Highway 12 that were located outside the TIF District boundaries. For support, Olson relies on WIS. STAT. § 66.46(2)(f)1.[9] Because we have concluded that

_____

[8] Olson filed another complaint six months after the original one that explicitly requested relief against Baraboo, but the circuit court concluded that, because the time for filing had passed, it would construe the second complaint as identical to the first. Olson has not challenged this decision on appeal, and we therefore do not consider whether the circuit court's ruling on this issue was correct.

[9] WISCONSIN STAT. § 66.46(2)(f)1 provides, in part:

> "Project costs" mean any expenditures made or estimated to be made or monetary obligations incurred or estimated to be incurred by the city which are listed in a project plan as costs of public works or improvements within a tax incremental district or, to the extent provided in subd. 1. k., without the district, plus any costs incidental thereto, diminished by any income, special assessments, or other revenues, including user fees or charges, other than tax increments, received or reasonably expected to be received by the city in connection with the implementation of the plan. For any tax incremental district for which a project plan is approved on or after July 31, 1981, only a proportionate share of the costs permitted under this subdivision may be included as project costs to the extent that they benefit the tax incremental district. To the extent the costs benefit the municipality outside the tax incremental district, a proportionate share of the cost is not a project cost. The project costs include, but are not limited to:

643

Olson's claims against Baraboo were waived, we need not decide whether Baraboo complied with the statute. With regard to the Joint Review Board, the circuit court concluded that it was the Common Council's responsibility to authorize expenditures, and that the Joint Review Board had no authority "to approve or deny individual portions or items of the project plan." We agree that the Joint Review Board was not required to consider whether the Common Council appropriately allocated the project costs for TIF District No. 6.

¶ 25. WISCONSIN STAT. § 66.46(4m)(c)1 provides the criteria upon which the Joint Review Board's decision must be based:

> a. Whether the development expected in the tax incremental district would occur without the use of tax incremental financing.
>
> b. Whether the economic benefits of the tax incremental district, as measured by increased employment, business and personal income and property value, are insufficient to compensate for the cost of the improvements.
>
> c. Whether the benefits of the proposal outweigh the anticipated tax increments to be paid by the owners of property in the overlying taxing districts.

---

> . . . .
>
> k. That portion of costs related to the construction or alteration of sewerage treatment plants, water treatment plants or other environmental protection devices, storm or sanitary sewer lines, water lines, or amenities on streets outside the district if the construction, alteration, rebuilding or expansion is necessitated by the project plan for a district, and if at the time the construction, alteration, rebuilding or expansion begins there are improvements of the kinds named in this subdivision on the land outside the district in respect to which the costs are to be incurred.

644

¶ 26. Whether the project plan includes property that is outside the TIF District, or more specifically, whether the City appropriately determined the "project costs" under Wis. Stat. § 66.46(2)(f)1, is not a relevant consideration for the Joint Review Board under Wis. Stat. § 66.46(4m)(c)1. Rather, the Joint Review Board is instructed to more generally consider the benefits and costs of the TIF District. Therefore, a failure to consider whether the project plan should include the cost of improving areas outside the TIF District does not provide grounds for invalidating the decision of the Joint Review Board.

3. Wal-Mart's Inclusion in the TIF District

■

¶ 27. The TIF District included land owned by Wal-Mart Corporation. Olson contends that this was improper because Wal-Mart was going to develop its land regardless whether it was included in the TIF District.

¶ 28. Assuming Wal-Mart was going to develop anyway, we do not agree that would invalidate the Joint Review Board's decision to approve the TIF District. Although Olson is correct that Wis. Stat. § 66.46(4m)(c)1.a directs the Joint Review Board to consider "[w]hether the development expected in the tax incremental district would occur without the use of tax incremental financing," it does not follow that the Joint Review Board is barred from approving a TIF District if there is any land within the district that would have otherwise been developed.

¶ 29. At the August 26 meeting, the Joint Review Board found that "[t]he development expected in TIF District No. 6, City of Baraboo, Wisconsin, would not

occur without the use of tax incremental financing." Further, Wal-Mart's property is not the only land in the TIF District. The Joint Review Board's task was to look at the TIF District *as a whole* and determine whether development would occur without the use of tax incremental financing. This view is supported by WIS. STAT. § 66.46(4)(gm)4.a, which allows the TIF District to consist of up to fifty percent of property that is not blighted or intended for industrial use. Olson has not produced any evidence that would show that the property in the TIF District not owned by Wal-Mart would have been developed without the district.

¶ 30. The Joint Review Board was also required to consider the economic benefits the TIF District would provide, in terms of increasing employment, business and personal income, and property values. The central purpose of the TIF District was to develop a business park and attract new business to Baraboo. It would not be unreasonable to conclude that having an anchor tenant such as Wal-Mart included in the TIF District would be conducive to this goal, or that the economic benefits of the TIF District overall outweighed the unnecessary inclusion of some property within the District. In short, we conclude that the Joint Review Board acted according to law and that its decision was reasonable.

*By the Court.*—Judgment affirmed.

¶ 31. ROGGENSACK, J. (*dissenting*). While I agree with the majority opinion's decision on the open meetings law, its identification of WIS. STAT. § 66.46(4m)(c)1 (1997–98)[1] as the statutory criteria that the Joint

---

[1] All further references in the dissent are to the 1997–98 version of the statutes unless otherwise noted.

Review Board (JRB) must apply in its review of tax incremental district (TIF District) No. 6 and its conclusion that those criteria were reasonably applied by the JRB, I write in dissent because I conclude that Bartlett Olson did not waive his right to certiorari review of the common council's decision to include the costs of improvements lying outside of the geographic boundaries of TIF District No. 6 in the TIF District's project costs.

## TIF District Overview.

¶ 32. In order to form a TIF District, all of the statutory directives must be followed. WIS. STAT. § 66.46(4); *see also City of Hartford v. Kirley*, 172 Wis. 2d 191, 493 N.W.2d 45 (1992); *Sigma Tau Gamma Fraternity House Corp. v. City of Menomonie*, 93 Wis. 2d 392, 288 N.W.2d 85 (1980). No statutory appeal process has been created to review the formation of a TIF District; therefore, the review of the decision of both the common council and the JRB is by certiorari. *See State ex rel. Johnson v. Cady*, 50 Wis. 2d 540, 549–50, 185 N.W.2d 306, 311 (1971). However, because only final decisions of a board or council are reviewable by certiorari, *State ex rel. Czapiewski v. Milwaukee City Serv. Comm'n*, 54 Wis. 2d 535, 539, 196 N.W.2d 742, 744 (1972), neither the original resolution of the common council (July 27, 1999) nor the approval by the JRB (August 26, 1999) could be reviewed until all of the steps set out in § 66.46(4)(a)-(k)[2] were completed and the TIF District was then statutorily created. An action requesting certiorari review must be commenced within six months of when the decision for which

___

[2] If an original project plan is not amended, WIS. STAT. § 66.46(4)(i) may not come into play in the formation of a TIF District.

review is sought becomes final. *State ex rel. Casper v. Board of Trs.*, 30 Wis. 2d 170, 174–75, 140 N.W.2d 301, 303 (1966).

## Olson's Complaint.

¶ 33. Olson's first complaint challenging TIF District No. 6 was filed November 10, 1999, and therefore, it was timely.[3] In the complaint, he set forth three separate counts: Count 1—allegations that a violation of the open meetings law occurred; Count 2—a petition for writ of certiorari based on allegations that the JRB did not follow the statutory review criteria set out in Wis. Stat. § 66.46(4m)(c); and Count 3—a petition for writ of certiorari based on allegations that the project plan approved by the common council improperly included costs for improvements to Highway 12 and a bridge over the Wisconsin River because both lie outside the geographic boundaries of the TIF District and had been approved for construction previously.

¶ 34. Although the second count alleges that the JRB did not comply with the requirements of Wis. Stat. § 66.46(4m)(c), it requests no specific relief within the count itself. Additionally, while the third count alleges that the common council included inappropriate expenses in the TIF District's project costs, the only relief requested within that count is set out in paragraph 34 which states, "There is no other adequate remedy available other than an order, signed by this Court, invalidating the actions taken by the City of Baraboo Joint Review Board in approving TID No. 6."

---

[3] It is not apparent from the record when the action contemplated by Wis. Stat. § 66.46(4)(k) occurred, but no party alleges that it occurred before both of Olson's complaints were filed.

648

However, the portion of the prayer for relief relating to the petitions for writs of certiorari requests:

> That a writ of certiorari be allowed requiring Respondent Cheryl Giese, in her official capacity as Clerk of the City of Baraboo, to transmit the entire record of the City of Baraboo and the City of Baraboo Joint Review Board pertaining to the creation of Tax Incremental District No. 6. to the Court for its review.
>
> Further, after review by the Court of the public record, planning documents and the resolution passed by the City of Baraboo, that the Court award judgment, pursuant to Sec. 781.01, Wis. Stats., declaring the actions taken by the said City of Baraboo and the City of Baraboo Joint Review Board in creating Tax Incremental District No. 6 were contrary to law and void.

¶ 35. The circuit court agreed that certiorari review of the TIF District was appropriate. However, counsel for the City argued that the writ as proposed was too broad because it sought more than the record of the JRB review. The City had not moved to dismiss the claim for certiorari review of the City's acts. Instead, it based its argument to limit the scope of the writ on the quote from paragraph 34 of the complaint that I have repeated in ¶ 34 of this dissent. The circuit court agreed that the complaint was not sufficient to support the scope of the writ Olson had drafted, saying:

> I think I agree with Attorney Arntsen that that request goes beyond the scope of the review I'm asked to do in the pleadings.
>
> I've reviewed those pleadings and, specifically, the counts two and three are dealing with the record—or proceedings of the board of review on the evening in question. And even count three, the final paragraph, is, there's no adequate remedy available other than order—an order signed by this court invalidating actions taken by the City of Baraboo Joint Review Board.

649

That's what I'm being asked to do, and I think that's what the writ should be limited to, to proceedings of the joint review board.

¶ 36. We review as a matter of law whether the pleadings are sufficient to state claims for relief. *See, e.g., Hertlein v. Huchthausen*, 133 Wis. 2d 67, 72, 393 N.W.2d 299, 301 (Ct. App. 1986). As we have explained, "notice giving" is the main purpose of pleading rules in the Wisconsin Rules of Civil Procedure. Under notice pleading, all that is required of a complaint is to give the other party fair notice of what the claim is and the grounds upon which it rests. *Id.* It is true that a petition or complaint that commences an action for a writ of certiorari must set out the irregularities that the court is being asked to consider. *Merkel v. Village of Germantown*, 218 Wis. 2d 572, 578, 581 N.W.2d 552, 555 (Ct. App. 1998). However, Olson's complaint factually described alleged irregularities in the actions of both the common council and the JRB with sufficient particularity to give notice to the City of how it alleged that both governmental bodies had not followed the law. The complaint also gave the City sufficient notice of the relief sought. Additionally, there is no authority for requiring that the relief requested in a complaint appear count by count or the complaint will be held insufficient, as the circuit court did here. Accordingly, I conclude the complaint was sufficient to require the circuit court to issue a writ broad enough in scope so that the decisions of both the JRB and the common council could be reviewed by the circuit court. I further conclude that the circuit court's decision in this regard is error requiring reversal and remand.[4]

---

[4] As the circuit court's statement quoted above in ¶ 35 of this dissent shows, the court misread the complaint because the

## Waiver.

¶ 37. The majority opinion does not address the circuit court's conclusion that the complaint was insufficient to support a writ to review the actions of the common council. Instead, it concludes that even if Olson stated a claim for certiorari review of the common council's inclusion of the Highway 12 and bridge construction costs in the project costs for TIF District No. 6, he waived it in one brief comment of counsel in a February 15, 2000 hearing. Majority at ¶¶ 20–23.

¶ 38. Waiver is a rule of judicial administration. *Shoreline Park Pres., Inc. v. DOA*, 195 Wis. 2d 750, 763, 537 N.W.2d 388, 392 (Ct. App. 1995). It is directed at issues which were raised for the first time on appeal. *Id.* Because our waiver rule does not affect the power of this court, we "retain the discretion to consider arguments raised for the first time on appeal." *Id.* We often do so when the issue has been adequately briefed, *id.* at 763–64, 537 N.W.2d at 392, and when the issue presents as a question of law. *Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140, 145–46 (1980).

¶ 39. I would not apply the waiver rule to Olson's legally sufficient complaint for four reasons: (1) the request for certiorari review of the acts of the common council was presented to the circuit court;[5] (2) the record shows that Olson opposed the City's contention that the scope of the writ should be narrowed; (3) the

complaint, in ¶¶ 23 through 33, did allege specific irregularities in project costs allocated by the City to TIF District No. 6. Therefore, the complaint specifically sought review of actions taken by the City of Baraboo in addition to review of actions taken by the JRB.

[5] Olson's request for certiorari review of the actions of the common council was presented in a legally sufficient form in the

parties have briefed whether we should address Olson's claim for certiorari review of the common council's action; and (4) it is in the public interest to permit citizens to seek review of governmental actions, rather than to apply rules of judicial administration to defeat that interest.

¶ 40. In my view, the majority opinion's application and discussion of wavier is not well founded because, as I have already explained, Olson did present the issue to the circuit court. Therefore, the request for certiorari review of the acts of the common council does not appear for the first time on appeal. Furthermore, the majority's interpretation of counsel's comment, "I see what you're saying, Judge," as a waiver of the claim for certiorari review of the acts of the common council is not the type of waiver addressed in *Coston v. Joseph P.*, 222 Wis. 2d 1, 586 N.W.2d 52 (Ct. App. 1998) or *Safe Water Ass'n v. City of Fond du Lac*, 184 Wis. 2d 365, 516 N.W.2d 13 (Ct. App. 1994), cases relied on by the majority opinion.[6]

¶ 41. *Joseph P.* involved a guardianship petition to which no objection had been filed, as was required by Milwaukee County Local Court Rule 781 in order to raise before the circuit court the issue that was appealed. *Joseph P.*, 222 Wis. 2d at 18–19, 586 N.W.2d at

---

complaint filed November 10, 1999, and it was presented again, also in a legally sufficient form, in the complaint filed April 10, 2000.

[6] *Bavarian Soccer Club, Inc. v. Pierson*, 36 Wis. 2d 8, 153 N.W.2d 1 (1967), also cited in the majority opinion, concludes that a motion to dismiss is sufficient to preserve the appeal of a circuit court discovery order, *id.* at 15, 153 N.W.2d at 4, and that the denial of a motion to dismiss is not a final order and therefore cannot be appealed as a matter of right. *Id.* at 17–18, 153 N.W.2d at 5.

60. Because of the failure to file the required objection, we held that any right to object that the appellants may have had was waived. *Id.* at 20, 586 N.W.2d at 60. Here, a written claim for certiorari review of the actions of the common council was filed not once but twice.

¶ 42. In *Safe Water*, the other case relied on by the majority, summary judgment was granted to the City upon cross-motions for summary judgment. Safe Water claimed on appeal that the circuit court should have granted its motion to compel discovery before it addressed the cross-motions for summary judgment because if the City had been required to produce all Safe Water had requested, the circuit court may well have granted summary judgment to it. *Safe Water*, 184 Wis. 2d at 373, 516 N.W.2d at 16. We concluded that Safe Water gave up its right to have its motion decided because it took affirmative steps inconsistent with the further development of facts for the lawsuit. "[Its] motion for summary judgment carried with it the explicit assertion that Safe Water is satisfied that the facts are undisputed . . . ." *Id.* Here, Olson took no act inconsistent with his claim for certiorari review of the acts of the common council.

¶ 43. What occurred here was the dismissal of a well-pled claim for relief when there was no pending motion to dismiss or to strike. The majority affirms the dismissal by concluding that Olson waived his claim. However, waiver based on counsel's comment would require intent to waive the claim, which is a factual determination, not a legal conclusion for any court to make, unless the facts of record could be interpreted in only one way. *Consumer's Co-op v. Olsen*, 142 Wis. 2d 465, 492, 419 N.W.2d 211, 221 (1988). Here, the circuit court made no factual finding and counsel's comment cannot be interpreted in only one way, which precludes

653

us from deciding whether Olson waived his claim for certiorari review of the acts of the common council as a question of law. Olson's attorney opposed the court's ruling by trying to explain the pleadings:

> This is John Kassner. Judge, as to the court's ruling relative to the scope of the writ, it was my understanding—Howard Goldberg wrote these pleadings—that the third count of the petition for writ of certiorari does address actions by the City of Baraboo, and that the third count was the basis for asking for the records of the planning commission and the common council of the city.

The court responded that it was standing by its earlier ruling that "the scope of the writ shall be limited to the proceedings of the City of Baraboo Joint Review Board." It was then that Attorney Kassner made the comment quoted by the majority.

¶ 44. I conclude that Attorney Kassner did not waive his client's claim; rather, his comment appears to have been his acknowledgement of the court's interpretation of the wording of a complaint which had been drafted by another attorney in the law firm. Additionally, the comment occurred *after* the court had ruled limiting the scope of the writ. Therefore, it could not have been a waiver of that claim because the court had already dismissed it. Furthermore, a second complaint, including the same allegations of irregularities in the project costs for the TIF District was filed two months after the court's ruling. But most importantly, Olson had no reason to waive the claim.

¶ 45. In conclusion, I note that there is a long-standing public policy in Wisconsin of providing citizens with an avenue to review the actions of governmental bodies. *See Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 426, 279 N.W.2d 179, 184 (1979). Where no avenue for

review is available by statute, certiorari review satisfies the policy interest of holding governmental bodies accountable to the citizenry of this state. *State ex rel. Johnson*, 50 Wis. 2d at 549–50, 185 N.W.2d at 311. In my view, the majority decision thwarts that policy. Because I would not apply a rule of judicial administration to limit our consideration of the issues Olson has presented on appeal and because I have concluded that the circuit court erroneously dismissed Count 3 of Olson's complaint, I must respectfully dissent.